### 22591. LAND v. WROBEL.

QUILLIAN, Justice. This is a habeas corpus action brought by the mother to obtain custody of her ten year old son. The pertinent facts are: on March 18, 1957, the child's mother and father were divorced; prior to the divorce, in January, 1957, they entered into an agreement, subsequently made an order of the court, under which the father was to have custody of the child with the right of the mother "to visit the child at any time she desires and to have the child visit her at any time and to have said child in her home for visits." The mother remarried March 26, 1957, and the father remarried in 1959. Then, in 1964 the father died. In this action the mother seeks custody of the child as against the stepmother (the father's widow). The stepmother's answer set out that the mother had abandoned the child and had relinquished custody under the divorce agreement.

Upon the hearing, evidence was introduced which showed that both the contestants were fit, proper and able to care for and rear the child. There was evidence that after the divorce the mother moved to Alaska with her husband, an Air Force sergeant, and remained there for four years without exercising her visitation privileges. However, the mother testified that she did send the child presents at Christmas and birthday gifts, and explained that she was unable to come such a great distance. After her sojourn in Alaska the mother visited with the child on several different occasions while she resided in New Jersey, her present abode. The trial judge granted custody to the mother and the stepmother excepted and assigns error to that judgment on the grounds that it was "contrary to law and the evidence in the case, in that the uncontradicted evidence . . . demanded a finding by the court that it would be to the best interest, welfare and happiness of the child involved, to remand his custody to the defendant. . ." *Held:*

"On the death of the parent who holds custody of a child under a divorce decree, the prima facie right to the custody automatically inures to the surviving parent. *Landrum v. Landrum,* 159 Ga. 324 (125 SE 832, 38 ALR 217); *Girtman v. Girtman,* 191 Ga. 173 (11 SE2d 782); *Chapin v. Cummings,* 191 Ga. 408 (12 SE2d 312)." *Brown v. Newsome,* 192 Ga. 43 (1) (14 SE2d 470); *Code* § 74-106. Although after the death of the father the mother becomes entitled to the custody and control of a child, such parental power and right may be lost by her just as in the case of the father. *Durden v. Johnson,* 194 Ga. 689 (2) (22 SE2d 514). Nevertheless, in the absence of an uncontradicted showing that the mother is unfit or has forfeited her parental rights this court will not disturb the trial court's award of custody to the mother. While the evidence might be construed to show that the mother did not fully exercise her visitation privileges, it does not indicate that she abandoned her child; nor did the custody agreement amount to a relinquishment of the mother's right to a third person within the meaning of *Code* § 74-108. *Hansen v. Carpenter,* 211 Ga. 785 (89 SE2d 196). Hence, there being no evidence which would demand a finding that the mother had forfeited her right to the child, the trial judge did not err in awarding the child to her.

*Judgment affirmed. All the Justices concur.*

Argued September 14, 1964—Decided September 28, 1964.

*H. G. Rawls, D. C. Campbell, Jr.,* for plaintiff in error.
*Smith, Gardner, Kelley & Wiggins, Morton M. Wiggins, Jr.,* contra.