## 30732. CHRISTIAN v. GAINER.

Undercofler, Presiding Justice.

This is a custody case. It arose upon a petition for habeas corpus brought by the natural father, domiciled in California, against the mother, domiciled in Georgia. The natural father relies upon a California judgment which awarded him custody. The trial court refused to accord the California judgment full faith and credit, found a change of circumstances, awarded custody to the mother with visitation privileges to the natural father. This appeal followed.

The facts show: The child was born out of wedlock in California on October 14, 1970. The parties discontinued their relationship prior to the birth of the child. They have

not been married. Thereafter the child resided at various times with the mother or the father until December, 1972. In December, 1972, the mother left California with the child and appears to have resided in Georgia. In April, 1973, the mother sent the child to California to visit the father. On May 14, 1973, the mother married her present husband and established a home in Georgia. On June 29, 1973, appellant petitioned the California court for custody of the child. Service upon the mother by publication was ordered. On July 4, 1973, the mother went to California, obtained possession of the child and on July 9, 1973, returned to Georgia with her. On October 1, 1973, the California court awarded custody of the child to the natural father. It appears that California permits the father of an illegitimate child to legitimate the child by publicly acknowledging the child and treating it as his. On November 16, 1973, the mother and her present husband were granted a final order of adoption of the child in Georgia. *Held:*

1. The only service in the California case was by publication. Therefore, the trial court did not err in refusing to accord the California custody judgment full faith and credit. As was stated in *Boggus v. Boggus,* 236 Ga. 126; 128 (1976), "Where there is no pending divorce . . . the court must have personal jurisdiction over both parents in order to make a valid custody award, . . . or modify a previous custody award. . . The wife asserts however that the California court did have personal jurisdiction over her husband, even though he was admittedly served by mail in Georgia, where he is domiciled. It is clear, however, that this cannot be personal service. 'No matter what form it takes, and no matter how solemnly that state might legislate to the contrary, all service of process of another state is "substituted" and is not "personal." ' *Daniel v. Daniel,* 222 Ga. 861, 866 (152 SE2d 873) (1967). . . It is true that the court will take jurisdiction of children for their protection where they are only residing, not domiciled, in the state, but that does not obviate the other requirements of the court's jurisdiction where there is no neglect or depriva- tion of the child. In matters of custody, not only must the child be present, . . . but the court must also have jurisdic-

tion either over both parents or over the res by a pending divorce." See Titus v. Superior Court of the State of California in and for the County of Contra Costa, 23 Cal. App. 3d 792 (100 Cal. Rep. 477) (1972).

2. Under the holding in Division 1 it is not necessary to reach the question of changed conditions.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1976 — DECIDED FEBRUARY 2, 1976 — REHEARING DENIED FEBRUARY 25, 1976.

*Ellis, Ellis & Easterlin, Ben F. Easterlin, IV,* for appellant.

*Willie L. Dwyer,* for appellee.