## 32614. DEPARTMENT OF HUMAN RESOURCES v. BAGLEY.

HALL, Justice:

We granted certiorari to review the decision of the Court of Appeals in Division 1 of *Dept. of Human Resources v. Bagley*, 142 Ga. App. 353 (235 SE2d 734) (1977).

Respondent was granted a divorce, and was awarded $100 per month in child support for her son in the decree. Shortly after the judgment in that case, a second son was born to her. Although this child was also a product of the marriage, he was not provided for in the decree. Respondent applied for and received aid from petitioner for both children under the AFDC program at a time when her ex-husband was in arrears in his payments. The Department made no effort to recover support payments from the "responsible parent," respondent's ex-husband.

Respondent brought a contempt proceeding against the father to collect child support, including $1,200 in arrearages on the monthly payments, and that sum was paid into court for respondent's benefit. At this point the DHR intervened, and asserted that the entire $1,200 should be paid to it to assure reimbursement for the public assistance paid to respondent. The only proof of payments offered by the Department was a certificate that respondent had received payments, and a copy of one canceled check.

Under Code Ann. § 99-905b, the acceptance of public assistance on behalf of a child operates as an assignment

of any right of child support owed to the recipient by the responsible parent, and subrogates the Department to the right to collect those payments from the responsible parent. Additionally, Code Ann. § 99-916b gives the DHR the right to have paid to it sums recovered for support of such a child. The Department urges that these provisions entitle it to prevail.

The Court of Appeals disagreed, holding that the DHR is not entitled to the money since the action to recover child support was initiated by the custodial parent, rather than the Department. The court noted that the DHR has an affirmative duty to initiate an action to collect support payments due a recipient of public assistance under the AFDC program. Code Ann. § 99-907b (a).

Although we agree with much of the reasoning of the Court of Appeals, we cannot agree that the Department loses all right to recover payments because of its failure to initiate action to recover support. The state has a real interest in recovering payments which would not have been made had the responsible parent lived up to his duty, and the purpose of §§ 99-905b and 99-907b is to secure that reimbursement. To the extent that the state paid public assistance on behalf of a child which would not have been made had the responsible parent been current in paying his support payments, the state is entitled under the assignment provided for in § 99-905b to be reimbursed for its excess payments out of support payments for that child recovered from the responsible parent, upon appropriate proof of the extent of the state's claim, subject to the condition discussed below. This right continues even if the state fails to perform its duty to initiate action under § 99-907b.

Where the custodial parent is forced to bring an action to recover support payments by the failure or refusal of the state to do so, the proper procedure is for the custodian to join the DHR as a plaintiff to the suit, since it is normally a necessary party under Code Ann. § 81A-119 (a). The parent may cross claim against the DHR for a decision of what sums are due the Department for reimbursement, if there is a dispute. It is the Department's duty to actively prosecute the claim on behalf of both itself

and the custodial parent. Code Ann. § 99-907b. Should the DHR fail to actively participate, it may lose its claim for reimbursement.

However, in this case the petitioner was not joined as a plaintiff, and its right to reimbursement was not terminated. But to allow the Department full reimbursement could unjustly enrich it as the result of its breach of its duty to initiate action. That breach forced respondent to initiate action, and to the extent she has been forced to bear the expenses of that action the breach has caused her direct pecuniary loss, as well as unnecessary trouble. Moreover, her action has conferred a benefit on the state to the extent that she has recovered sums due the state for reimbursement. Therefore, we hold that in future cases of this type the DHR may recover its reimbursement on the condition that it agrees to reimburse the custodial parent for the costs of bringing her action (to the extent she is forced to bear them), including her reasonable attorney fees if approved by the court. Cf. Code Ann. § 20-1404; *Jones v. Spindel,* 239 Ga. 68 (235 SE2d 486) (1977).

Because we do not review Division 2 of the opinion below, the judgment must be affirmed.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Marshall, J., who is disqualified.*

SUBMITTED OCTOBER 28, 1977 — DECIDED DECEMBER 5, 1977.

*Arthur K. Bolton, Attorney General, Dallas P. Jankowski, Staff Assistant Attorney General,* for appellant.

*Finn, Donehoo & Cunningham, Dean Donehoo,* for appellee.