## 33484. CHRISTMAS v. LANGSTON.

Hill, Justice.

This is an appeal from an order holding the former husband in contempt for failure to make child support payments. The 1968 divorce judgment and decree between these parties provided in material part that the payment for the support of the three minor children "be decreased by one-third as each child dies, marries, attains the age of 21 years, or otherwise becomes emancipated." When the oldest child became 18 years of age the father quit paying that child's portion of the child support payment. The father contends that the "becomes emancipated" provision of the divorce decree authorizes the reduction as a matter of law because the child is now emancipated in that the age of majority was reduced by

statute in 1972 from 21 to 18.

We interpret the intent of the phrase "or otherwise becomes emancipated" in the divorce judgment as the trial judge did; that is, to refer to emancipation as a matter of fact rather than emancipation as a matter of law. The decree, when entered, made provision for emancipation as a matter of law in the phrase "attains the age of 21 years." The phrase "or otherwise becomes emancipated" therefore referred to emancipation other than by law; i.e., emancipation as a matter of fact.

When the General Assembly lowered the age of majority from 21 to 18, it provided that nothing in the law shall "have the effect of changing the age from 21 to 18 with respect to any legal instrument or court decree in existence prior to the effective date of this law when said instrument refers only to 'the age of majority' or words of similar import. . ." Ga. L. 1972, pp. 193, 199 (Code § 74-104.1). The phrase "otherwise becomes emancipated" in the court decree has similar import to the phrase "the age of majority" used in this statute. Therefore, the father's contention that the 1972 Act had the effect of relieving him as a matter of law from his obligation to pay child support for his 18-year-old child is without merit. *Choquette v. Choquette,* 232 Ga. 759 (208 SE2d 848) (1974).

The "becomes emancipated" language in the divorce decree is equivalent to "becomes self-supporting" and presents an issue of fact. There being no contention that the child had in fact become self-supporting, the trial court did not err in finding the former husband in wilful contempt for failing to make the child support payment as required by the divorce decree.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents.*

ARGUED MAY 8, 1978 — DECIDED
MAY 17, 1978.

*Richard G. Pechin, Paul E. Cormier,* for appellant.

*Moses S. Hayes, Jr.,* for appellee.

HALL, Justice, dissenting.

I dissent, because the necessary meaning of the majority opinion is that the 18-year-old child in question has not by any method become "emancipated," and that conclusion is plainly unsupported in light of Code Ann. § 74-104 which in 1972 changed the age of majority from 21 to 18. I find *Choquette v. Choquette,* 232 Ga. 759 (208 SE2d 848) (1974) distinguishable, because there, unlike the present case, the parties' agreement contained no catch-all phrase terminating support when the child "otherwise became emancipated," but allowed the cessation of support only upon four stated eventualities. Here, support is to end if the child dies, marries, attains 21, "or otherwise becomes emancipated." She has otherwise become emancipated, under Code Ann. § 74-104. For still other events of legal and factual emancipation, see Code Ann. § 74-108.

The majority interprets the phrase "or otherwise becomes emancipated" to mean "or otherwise becomes emancipated through some event other than a change in the legal age of majority." I think the majority has made this up out of whole cloth; I find no basis whatever in the agreement for this narrow interpretation of broad language.