## 56808. YOUNG v. DEPARTMENT OF HUMAN RESOURCES.

BIRDSONG, Judge.

This case involves an attempt by the Department of Human Resources ("DHR") to recover assistance for dependent children fund payments pursuant to the provisions of the Child Support Recovery Act, Ch. 99-9B of the Code Annotated (Ga. L. 1973, p. 192 et seq.; Code Ann. § 99-901b et seq., as amended). It appears from the record that the appellant Patricia L. Young is the mother of three dependent children. It further is apparent that for the months of February and March, 1978, Ms. Young received $260 for the support of these children, either from the father of these children or from some source other than DHR. During this same period of time, DHR alleged that it paid to Ms. Young, as recipient of AFDC funds on behalf of the children, a sum of money for the support of the children. In accordance with the terms of the Child Support Recovery Act, and particularly Code Ann. §§ 99-905b and 99-916b, DHR sought the recovery from Ms. Young of the $260 received from sources other than DHR for the support of the children. Ms. Young signed a consent judgment for this sum of money. Thereafter, she moved to set aside the consent judgment in a timely fashion based upon the allegation that the pleading and record show a nonamendable defect resulting in the non-existence of a claim by DHR. Following a hearing and argument and citation of authority by both parties, the trial court denied the motion. This appeal followed, enumerating as error the denial of the motion to set aside the judgment. *Held:*

In substance, Ms. Young asserts that inasmuch as she is not the "father" of the children, she is not the responsible person for the support of her children within the contemplation of the Child Support Recovery Act. She supports her contention by showing that the assignment and recovery provisions of the Act are phrased in the masculine gender, thus manifesting the Act's intent to effect recovery from the father and not from the mother. In substance then, appellant argues that because the petition for recovery of child support payments, the

accompanying request for attachment for contempt, and the consent judgment form, filed by DHR, all originally referred to the "father," before amendment to show "mother," the judgment of the court on its face shows that the court did not have jurisdiction over the subject matter and was without jurisdiction to enter the consent judgment.

We disagree. At the outset, we note that Code Ann. § 102-102 (3) provides: "The masculine gender shall include the feminine and neuter." Furthermore, Code Ann. §§ 99-903b (e), 99-904b, 99-907b, 99-908b, 99-909b, and 99-911b refer to "parents," not the father alone. Finally, in a similar case, *DHR v. Bagley,* 240 Ga. 306 (240 SE2d 867), the Supreme Court expressly recognized the right of DHR to recover double payments for the support of dependent children from the mother-recipient. The trial court was quite correct in concluding that the consent judgment did not suffer from a nonamendable defect upon its face and therefore properly denied the motion to set aside the consent judgment.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED NOVEMBER 16, 1978 — REHEARING DENIED DECEMBER 19, 1978 —

*Kenneth A. Hindman, Steven Gottlieb,* for appellant. *David S. Marotte,* for appellee.