59385. EVANS et al. v. DAVEY et al.

CARLEY, Judge.

In *Munday v. Munday,* 243 Ga. 863 (257 SE2d 282) (1979), the Supreme Court held that it no longer had a jurisdictional basis for entertaining appeals involving child custody questions unless the appeal also involved a judgment for divorce. All other child custody cases are, accordingly, within the jurisdiction of this court. Ga. L. 1979, pp. 619, 620 (Code Ann. § 6-701.1), effective July 1, 1979, provides in pertinent part that "[a]ppeals from judgments or orders . . . awarding or refusing to change child custody" are in the nature of

discretionary appeals to be granted or denied by the appropriate appellate court.

The appeal in the instant case is from an order of October 8, 1979, awarding child custody. No judgment of divorce is involved. Appellants proceeded to secure appellate review of this order in two ways. First, they sought leave from this court to appeal under the discretionary provisions of Code Ann. § 6-701.1. Appellants also filed a notice of appeal, ignoring Code Ann. § 6-701.1 (g), seeking a direct review of the custody order. The petition for discretionary appeal was denied by another division of this court. The instant appeal is predicated upon the notice of appeal which was filed directly in the trial court without an order of this court granting an appeal. Appellants and appellees have pursued this appeal as if the denial of the petition for discretionary appeal by another division of this court is of no consequence to the jurisdiction of this division to hear the appeal. Apparently both sides consider the issues presented herein of such importance that the appeal should be heard and ruled upon regardless of the lack of an order issued by this court under Code Ann. § 6-701.1 (f) granting such an appeal. We agree that the questions are complex and a definitive appellate review of the issues is called for. But the parties are without authority to confer jurisdiction upon this court. And we know of no authority for this court to exercise its powers of appellate review over cases which are without its jurisdiction simply because the issues therein are important ones. Therefore, we reluctantly conclude that the instant appeal from the order granting child custody not filed pursuant to Code Ann. § 6-701.1 must be dismissed for lack of jurisdiction.

This court has a duty to dismiss a pending appeal over which it has no jurisdiction "whenever and however its lack of jurisdiction may appear." Code Ann. § 24-3632 (d); *Ga. Consumer Center v. Ga. Power Co.,* 150 Ga. App. 511 (258 SE2d 250) (1979). Therefore, we raised the question of compliance with the jurisdictional procedures of Code Ann. § 6-701.1. Both appellees and appellants have responded with a novel argument — that the language of Code Ann. § 6-701.1 (a) (2) "[a]ppeals from judgments or orders . . . awarding or refusing to change child custody" should be construed as related to and limited by the preceding phrase of that subsection "granting or refusing a divorce or temporary or permanent alimony" so that the discretionary appeal provisions would be applicable only in child custody cases arising in the context of divorce actions. Since the instant appeal involves child custody but not in the divorce context this argument would save this case from dismissal. We reject this interpretation of Code Ann. § 6-701.1 (a) (2).

Under *Munday,* the Supreme Court retains jurisdiction over child custody cases involving a judgment for divorce and this court has jurisdiction of all other child custody cases. Therefore, insofar as this court is concerned, appellants' proposed statutory construction would render meaningless the portion of Code Ann. § 6-701.1 providing for discretionary appeal of child custody orders. Since under *Munday* only child custody cases involving a judgment for divorce are within the jurisdiction of the Supreme Court and since under the interpretation of Code Ann. § 6-701.1 (a) (2) urged by the parties here only child custody cases arising in the divorce context would be discretionary appeals, it follows that all child custody cases which would be within the jurisdiction *of this court* would not be discretionary appeals. Apparently, under this interpretation, an appeal from an order involving the change of visitation rights such as in *Munday* would be within the jurisdiction of this court as a matter of right rather than a matter of discretion. We do not put this construction on the clear import of the statute which is that "[a]ppeals from judgments or orders . . . awarding or refusing to change child custody" must follow the two-step procedure established by Code Ann. § 6-701.1. Nor is Code Ann. § 6-701.1, as we thus construe it, subject to constitutional attack. *Harris v. Harris,* 245 Ga. 75 (263 SE2d 113) (1980).

Had the petition for discretionary appeal been granted, we would have a jurisdictional basis for deciding the merits of this case. However, "[r]eading 6-701.1 (g) in conjunction with Code Ann. § 6-809b (1), we hold that a notice of appeal from a judgment [granting child custody] is subject to dismissal if the appellant fails to file said notice within 10 days *after an order is issued granting an application for such appeal.* Since the present appellant[s] failed to secure the prerequisite grant of an application for appeal ([by having their petition denied by another division of this court]), [their] notice of appeal is subject to dismissal." *Harris v. Harris,* 245 Ga. 75, supra.

*Appeal dismissed. Quillian, P. J., and Shulman, J., concur.*

ARGUED FEBRUARY 13, 1980 — DECIDED APRIL 8, 1980.

*Charles C. Stebbins, III, Roy D. Tritt, Henry J. Heffernan,* for appellants.

*William Morgan Akin,* for appellees.