37498. CAMP v. CAMP.

PER CURIAM.
When these parties divorced, the father agreed to pay child support of $125 per child per month until each child reached age 21, married, obtained full-time employment, or was "otherwise emancipated by law." The father also agreed to pay all "medical, dental, hospital and surgical bills" of the minor children. The mother filed an affidavit for the issuance of judgment and fi. fa. stating that the father had refused to pay $1,793 in medical bills and $625 in child support. The father filed a petition to set aside or cancel judgment and fi. fa. and for temporary and permanent injunctive relief, asserting that when the General Assembly reduced the age of majority from 21 to 18, the older child was "emancipated by law" and hence the $625 in child support was not owed. The father also asserted that the $1,793 was for orthodontic work, not a dental expense, and hence it too was not owed.

Citing *Christmas v. Langston,* 241 Ga. 331 (245 SE2d 290) (1978), and *Mahaffey v. Mahaffey,* 238 Ga. 64 (1) (230 SE2d 872) (1976), the trial court denied the father's petition.

Although the mother did not seek to have the father held in contempt for nonpayment of child support, the questions raised by this appeal are precisely those questions which the General Assembly intended, when it enacted Code Ann. § 6-701.1 (a) (2), to be reviewed by this court only upon application. See *Fields v. Fields,* 247 Ga. 437 (1981).

There being no application to appeal as required by Code Ann. § 6-701.1, supra, the appeal is dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED APRIL 21, 1981 — REHEARING DENIED MAY 5, 1981.

534

*McAllister & Roberts, J. Dunham McAllister,* for appellant.
*Robert T. Romeo,* for appellee.