### 37892. WRIGHT et al. v. HANSON.

JORDAN, Chief Justice.

This is a child custody habeas corpus proceeding in which the natural father lost custody of his daughter to a third party. We deny the motion of the third party to dismiss the appeal. We reverse the order of the trial court adjudicating the natural father unfit and awarding custody of the minor to the third party.

Joe Wright, one of the two appellants, was divorced from Dean C. Wright, and custody of their daughter, Joli Deanne Wright, who had been born on March 12, 1972, was awarded to Dean. Thereafter, Joe married Judy B. Wright, the other appellant, and Joe's former wife, Dean, married Larry Hanson, the appellee.

After Joli's mother died, Joli came to live with her father. Joli's father thereafter permitted her to visit with her stepfather, Larry, but her stepfather refused to return her to her father, who then filed this child custody habeas corpus proceeding in which he asserted that he automatically had prima facie right to Joli's custody as her surviving parent upon the death of Joli's mother, Dean, who had had custody of Joli under the divorce proceedings. The trial court found Joli's father unfit for three reasons hereinafter set forth and awarded custody to her stepfather, Larry. Joli's father, Joe, and his present wife, Judy, appeal.

1. Larry has moved to dismiss the appeal on the ground that Joe and Judy failed to file a direct appeal within thirty days from entry of judgment. Code Ann. § 6-803 (a). However, Joe and Judy filed an application to appeal in accordance with the procedures set forth in Code Ann. § 6-701.1, which application has been granted by this court.

Larry contends we have held that the procedures required by Code Ann. § 6-701.1 "are not applicable to appeals in habeas corpus actions brought under Code Ann. § 50-101 (b)." *Bryant v. Wigley,* 246 Ga. 155, 156 (1) (269 SE2d 418) (1980). He then reasons that because Joe and Judy incorrectly thought the present action is one "awarding . . . child custody" within the meaning of Code Ann. § 6-701.1 (a) (2) and timely filed only an application for appeal, rather than timely filing either a direct appeal or a direct appeal and an application for appeal, they have not appealed from entry of final judgment in the manner and within the time required by law.

Joe and Judy respond by contending that the principle announced in *Bryant v. Wigley,* supra, applies only when the custodial parent bringing habeas prevails and not, as in the present case, when the custodial parent loses and custody is awarded to the third party. Their argument is founded on the assertion that although, as in *Bryant v. Wigley,* supra, an order returning the minor to the custodial parent *is not* an order "awarding . . . child custody" within the meaning of Code Ann. § 6-701.1 (a) (2), an order awarding the minor to the third party instead of to the parent who brought the habeas proceedings *is* an order "awarding . . . child custody" within the meaning of that section.

In *Etzion v. Evans,* 247 Ga. 390, 391 (276 SE2d 577) (1981), we did not decide whether or not an application was necessary when the custodial parent loses in a child custody habeas corpus proceeding, but we nonetheless granted the application and decided the case on its merits under our habeas corpus jurisdiction.

We now hold that an application for appeal in accordance with the procedures set forth in Code Ann. § 6-701.1 is not necessary in child custody habeas corpus proceedings brought by the custodial parent whether the custodial parent prevails or loses in the trial court. We are of the opinion that the General Assembly did not intend to include child custody habeas corpus actions brought by the custodial parent within the classes of cases enumerated in Code Ann. § 6-701.1. We further hold that when the custodial parent in a child custody habeas corpus proceeding unnecessarily files an application for appeal in accordance with Code Ann. § 6-701.1, and this court grants the application, and a notice of appeal then is timely filed, this court has jurisdiction of the appeal even though no notice of appeal was filed in accordance with Code Ann. § 6-803 (a) within thirty days from entry of judgment in the trial court. *Etzion v. Evans,* supra.

2. Joli's father, Joe, automatically had a prima facie right to Joli's custody upon the death of her mother, Dean, who was the custodial parent under the divorce decree. *Land v. Wrobel,* 220 Ga. 260 (138 SE2d 315) (1964). This right could be lost, however, upon an adjudication that Joe was an unfit parent or had forfeited his rights to Joli's custody. *Land v. Wrobel,* supra. "A parent may lose the right to custody only if one of the conditions specified in Code §§ 74-108, 74-109 and 74-110 is found to exist, or, in exceptional cases, if the parent is found to be unfit. * * * The unfitness of the parent should be shown by clear and convincing evidence that the circumstances of the case justify the court in acting for the best interest and welfare of the child. * * * '[I]f there is "reasonable evidence" in the record to support the decision made by the habeas corpus court . . . then the decision of the habeas corpus court must prevail as a final judgment,

and it will be affirmed on appeal.' " *White v. Bryan,* 236 Ga. 349, 350 (223 SE2d 710) (1976). The tests applied in the trial court and on appeal are different when, as in the present case, the issue of custody is between a parent and a third party instead of being between parents. *Gazaway v. Brackett,* 241 Ga. 127 (244 SE2d 238) (1978).

The trial court made three factual findings regarding the unfitness of Joli's father. First, that he had been married five times. Second, that loaded pistols were displayed in Joli's presence on two occasions while Joli was residing with her father during the summer of 1980. Third, that Joli's father did not provide regular child support payments from the time of his divorce from Joli's mother.

Assuming, arguendo, that Joe's multiple marriages might be some evidence of past unfitness, they are not reasonable evidence of present unfitness; hence, they are not of themselves grounds for removing Joli from Joe's custody. *Gazaway v. Brackett,* supra; *White v. Bryan,* supra; *Shaddrix v. Womack,* 231 Ga. 628, 632 (6) (203 SE2d 225) (1974). The evidence showed that Joe had been married to his present wife, Judy, since January, 1979, and that the relationship between them was good. Further, the investigation report by the Department of Family and Children Services stated that ". . . Mr. and Mrs. Joe B. Wright could provide excellent care for any child."

The record is devoid of evidence that on two occasions during the summer of 1980 loaded pistols were displayed in Joli's presence. Joe admitted that his sixteen-year-old brother once got angry with him at his parent's home about a motorcycle and that his brother got an old rusty pellet gun from a garage. There was no evidence it was loaded or that Joli was aware that Joe's younger brother had it in his hands during his argument with Joe. To the contrary, the evidence was that Joli was not present but was riding a motorcycle in a nearby field. The evidence indicated she was disturbed by the argument, not by the presence of the air gun. There was absolutely no evidence regarding another incident involving a pistol, loaded or otherwise.

Finally, the court found that Joe did not provide regular child support payments from the time of his divorce from Joli's mother. The divorce decree did not require Joe to make periodic child support payments. After the death of Joli's mother, Joe provided Joli's entire support up until the time that her stepfather, Larry, declined to return her to Joe's custody. The record is devoid of evidence that Joe ever declined or refused to provide support for Joli when needed or requested. Accordingly, this third and last finding of the trial court regarding Joe's unfitness is not supported by reasonable evidence. *Gazaway v. Brackett,* supra; *White v. Bryan,* supra; *Shaddrix v. Womack,* supra.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 5, 1981 — REHEARING DENIED NOVEMBER 24, 1981.

*Farrar & Farrar, Curtis Farrar,* for appellants.
*Robert H. Preston, James W. Brown,* for appellee.