## 65853. JONES v. WARRENFELLS.

BIRDSONG, Judge.

Discretionary Appeal Procedure. Billy Jo Jones brought a complaint in Fannin County to change the custody rights between herself and her ex-husband Shannon Warrenfells (who had been granted exclusive custody) by granting her visitation rights with their two children beyond that granted in the decree of divorce. On June 17, 1982, the trial court entered its order modifying custodial rights granted by the final decree of divorce. A notice of appeal was filed by Jones *in the trial court* on July 14, 1982. No application for appellate review pursuant to OCGA § 5-6-35 (a) (2) (Code Ann. § 6-701.1) was filed until September 17, 1982, 85 days after the entry of the modification order on June 17, 1982. This application was denied by this court on October 4, 1982. On July 29, 1982, Warrenfells moved the trial court to dismiss the notice of appeal filed in the trial court on July 14, 1982 for failure to follow the mandates of OCGA § 5-6-35 (d) (Code Ann. § 6-701.1) in that no application was filed in the appellate court within 30 days of the order from which an application for review could be filed. On August 19, 1982, the trial court, concluding the case was still in its bosom, dismissed the notice of appeal for failure to file an application on direct appeal to the appellate court within 30 days pursuant to OCGA § 5-6-35 (d) (Code Ann. § 6-701.1). Ms. Jones then filed the present notice of appeal on September 17, 1982, concurrently with the application for discretionary appeal denied by this court on October 4, 1982. She enumerates two alleged errors, one dealing with the merits of the appeal and the second complaining of the dismissal of her appeal by the trial court. *Held:*

OCGA § 5-6-35 (a) (2) and (d) (Code Ann. § 6-701.1) provides that appeals from judgments awarding or refusing to change child custody shall be by application in the nature of a petition to the appropriate appellate court filed with the clerk of that court within 30 days of the entry of the order.

This court has held that appeals from orders dealing with child custody which are not filed pursuant to OCGA § 5-6-35 (Code Ann. § 6-701.1) must be dismissed for lack of jurisdiction. *Evans v. Davey,*

154 Ga. App. 269, 270 (267 SE2d 875). Furthermore, an appeal involving a change of custody falls within the provisions of OCGA § 5-6-35 (a) (2) and (d) (Code Ann. § 6-701.1) which requires an application to be filed directly with this court within 30 days of the filing of the order changing visitation rights. *Munday v. Munday,* 243 Ga. 863 (257 SE2d 282); *Evans v. Davey,* supra, p. 271. See also *Gazaway v. Brackett,* 241 Ga. 127, 128-129 (244 SE2d 238).

Ms. Jones failed to follow the statutory requirements of OCGA § 5-6-35 (Code Ann. § 6-701.1). By its terms, that statute precludes jurisdictional powers either on the trial court based on an appeal to a final judgment or on this court as a discretionary appeal. It follows therefrom that the trial court did not err in dismissing the appeal filed in its court on July 14, 1982.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 4, 1983.

*Robert J. Harriss,* for appellant.
*Bobby C. Milam,* for appellee.