*J. Fred Ivester,* for appellees.

### 40640. SPEER v. CALHOUN.

WELTNER, Justice.

This is an appeal from an order requiring the father to continue child support payments until his child reaches the age of 21.

The parties were divorced in 1972, at which time the father was required to pay child support "until each child shall attain the age of 21 years old, die, marry or *become emancipated by law."* (Emphasis supplied.) Subsequently, the General Assembly lowered the age of majority from 21 to 18. Ga. L. 1972, pp. 193, 199. The oldest child now has reached the age of 18 and the father seeks declaratory judgment terminating his duty of support as to that child.

We addressed this issue in *Christmas v. Langston,* 241 Ga. 331 (245 SE2d 290) (1978), where we said that the phrase "or otherwise becomes emancipated" refers to emancipation as a matter of *fact* rather than of law. "When the General Assembly lowered the age of majority from 21 to 18, it provided that nothing in the law shall 'have the effect of changing the age from 21 to 18 with respect to any legal instrument or court decree in existence prior to the effective date of this law when said instrument refers only to "the age of majority" or words of similar import . . .' [cit.] The phrase 'otherwise becomes emancipated' in the court decree has similar import to the phrase 'the age of majority' used in this statute." 241 Ga. at 332.

We conclude that same reasoning applies to the phrase here in question — "or become emancipated by law." However, the "law" of that "emancipation by law" on which the father relies cannot aid him, as such law (Ga. L. 1972, supra § 10) states clearly that its own enactment shall not serve to emancipate *parents* from obligations created by judgment.

*Judgment affirmed. All the Justices concur, except Hill, C. J., who dissents.*

DECIDED FEBRUARY 28, 1984.

*Paul S. Weiner,* for appellant.
*John L. Watson, Jr.,* for appellee.

HILL, Chief Justice, dissenting.

The 1972 act which lowered the age of majority from 21 to 18, Ga. L. 1972, pp. 193, 199, contains the following provision in section 10: "Nothing in this Act shall have the effect of changing the age from

21 to 18, with respect to any legal instrument or court decree in existence prior to the effective date of this Act, when said instrument refers only to 'the age of majority' or words of similar import."

In my view, the words "become emancipated by law" (as agreed to here) and the words "age of majority" are not of similar import. Here the parties agreed that child support would cease when the children reached 21 "or became emancipated by law." That has happened and the agreement should be enforced.

*Christmas v. Langston,* 241 Ga. 331 (245 SE2d 290) (1978), relied upon by the majority is inapposite. There we found that the intent of the parties when they used the words "or otherwise becomes emancipated" was that the child became emancipated as a matter of fact rather than as a matter of law. That clearly was not the intent of the parties here because they used the words "emancipated by law." I therefore dissent.