40631. BURNS v. SWINNEY et al.

HILL, Chief Justice.

This is a child support recovery case. We granted certiorari to determine whether the Court of Appeals correctly interpreted OCGA § 19-11-10 (Code Ann. § 99-909b) (Ga. L. 1973, p. 192, §§ 9, 10 as amended by Ga. L. 1976, p. 1537, § 8). *Burns v. Swinney,* 168 Ga. App. 902 (310 SE2d 733) (1983).

Willie Mae Stanley and Bobby Joe Swinney were divorced in 1975. The father was awarded custody of their two minor children,

but the mother was not ordered to pay child support. The children's stepmother, Deborah F. Swinney, applied to the Department of Human Resources for Aid to Families with Dependent Children (AFDC). The Department paid AFDC benefits to the stepmother in the amount of $970 from June 1981, to November 1981, at which time payments ceased. The mother was unaware that AFDC had been applied for or that such payments were being made, until January 1982. The evidence, which was not contradicted, showed that the stepmother knew where the mother lived and that the mother gave money to her children during the period in question although the dates and amounts of such payments were not shown.

The Department, on behalf of the children acting through their stepmother as next friend, sued the mother for recovery of the $970 paid. The mother defended on the grounds, among others, that she had met her support obligations, that the father was gainfully employed during the period in question, that the children were not eligible for AFDC benefits, and that she had not been given notice pursuant to OCGA § 19-11-10 (Code Ann. § 99-909b), supra. The trial court ordered the mother to repay the state half the amount sought, $485,[1] and the Court of Appeals affirmed, holding OCGA § 19-11-10 (Code Ann. § 99-909b) inapplicable where the state bypasses the administrative procedure in favor of judicial proceedings. We granted certiorari.

Several provisions of the Child Support Recovery Act, OCGA § 19-11-1 et seq. (Code Ann. § 99-901b), are pertinent here. OCGA § 19-11-5 (Code Ann. § 99-904b) provides: "The payment of public assistance to or on behalf of a child creates a debt due and owing the state by the parent or parents responsible for the support of the child. The amount of the debt is the amount necessary to meet the total needs of the child or children and the person having custody, if included in the public assistance grant, as determined by the department in conformity with the federal Social Security Act; provided, however, that, where a court has ordered child support incident to a final divorce or in a criminal proceeding for nonsupport or where the responsible parent has entered into a legally enforceable and binding agreement, the debt created shall be equal to the amount set in such decree, order, hearing, or agreement."[2]

---

[1] The trial court did not order the mother to make periodic support payments in the future.

[2] No issue is made here of the fact that the state is not limited by this Code section to recovery of the amount of public assistance paid. The record before us does not show whether the alleged needs of the stepmother were considered in determining the amount of assistance granted.

OCGA § 19-11-8 (a) (Code Ann. § 99-907b) provides: "Whenever the department receives an application for public assistance on behalf of a child and it appears that the child has been abandoned by one or both parents or that the responsible parent has failed to provide support to the child, it is the department's responsibility to take appropriate action under this article, the child support statutes, or other appropriate state and federal statutes to assure that the responsible parent supports the child." OCGA § 19-11-9 (a) (Code Ann. § 99-908b) provides: "The department shall attempt to locate absent parents."

OCGA § 19-11-10 (Code Ann. § 99-909b), supra, provides in pertinent part as follows:

"(a) In cases in which a parent's obligation to support has not already been established by a court order, the department may conduct investigations to determine whether a responsible parent is able to support the dependent child receiving public assistance. The department shall notify the parents of any such planned investigation.

"(b) The department shall notify the parent of his legal duty to support his child or children and shall request information concerning his financial status in order to determine whether he is financially able to provide support.

"(c) The notice shall inform the parent that he may be liable for reimbursement of any support furnished prior to determination of his financial circumstances as well as future support."

OCGA § 19-11-22 (Code Ann. § 99-918b) provides: "The procedures, actions, and remedies provided in this article shall in no way be exclusive but shall be in addition to and not in substitution of other proceedings provided by law."

The Court of Appeals held that the notice requirement of OCGA § 19-11-10 (b) (Code Ann. § 99-909b), supra, is inapplicable where the department does not make an investigation, authorized by OCGA § 19-11-10 (a) (Code Ann. § 99-909b), supra, to determine whether a parent is able to support a child receiving public assistance. The department argues in favor of the Court of Appeals' decision and points to the word "may" in OCGA § 19-11-10 (a) (Code Ann. § 99-909b). We agree that the duty to investigate is not mandatory in every case, but the issue here is the right to recover payments made without investigation.

A parent's obligation to support may be established by court order; e.g., criminal proceeding for nonsupport, OCGA § 19-11-3 (Code Ann. § 99-903b), divorce, alimony and child support decree, OCGA § 19-11-5 (Code Ann. § 99-904b), supra, or administrative order directing child support, OCGA § 19-11-15 (c) (Code Ann. §

99-912b). Such obligation also may be established by agreement with the department. OCGA § 19-11-15 (a) (Code Ann. § 99-912b). None of these occurred here.

In particular, the court granting these parents a divorce did not order the mother to make child support payments. Pursuant to OCGA § 19-11-5 (Code Ann. § 99-904b), supra, the state's recovery of public assistance would be limited by the amount of child support set by a court in a divorce or criminal case or by an agreement with the department. In such instances, the parents' support obligation would be known, fixed and certain. Where child support has not been thus fixed, the parent is subjected to unlimited liability, without notice according to the Court of Appeals' decision.

We hold that where parents are divorced and custody is awarded to one parent, where the parent not having custody has not been ordered by any court to pay child support, and where the nonpaying parent's address is known or can be ascertained, the state, although not required to make an investigation as to the nonpaying parent's ability to support the child before making AFDC payments, see OCGA § 19-11-10 (c) (Code Ann. § 99-909b), must notify the parent of the duty of support and of the application for AFDC payments before such parent becomes obligated to reimburse the state for such payments. We do so for two reasons. First, to protect parents not otherwise subject to a court order or agreement as to child support, so that such parents may contest eligibility for AFDC payments or keep records of the support they in fact are providing. A parent should not be liable to the state for AFDC payments made, without notice to the parent, to ineligible recipients or when the parent is in fact paying for the support of a child. Second, we do so because the failure to provide for notice and an opportunity to be heard could render the state's right of recovery unconstitutional for lack of notice and due process.

*Judgment reversed. All the Justices concur.*

Decided April 18, 1984.

*Alex Kritz, John Riemer, William J. Cobb, John L. Cromartie, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Ralph M. Hinman, Mary Foil Russell,* for appellees.