41828. LEONARD v. BENJAMIN.
(324 SE2d 185)

BELL, Justice.

Appellant Patricia Leonard is the mother of a minor child born out of wedlock. Appellee Robert Benjamin is the putative father. Appellant filed a complaint for a writ of habeas corpus, alleging that appellee was illegally holding the child. OCGA Title 9, Chapter 14, Article 1. The superior court awarded partial custody to each party, and Leonard filed a direct appeal.

The threshold question for our consideration is whether the appeal is dismissible for failure to follow OCGA § 5-6-35. As originally enacted, the Code section required applications for appeals to be filed in all "[a]ppeals from judgments or orders granting or refusing a divorce or temporary or permanent alimony, *awarding or refusing to change child custody*, or holding or declining to hold persons in contempt of such alimony or child custody judgment or orders." 1979 Ga. L. 619, 621, Sec. 3. (Emphasis supplied.)

If this language were still in force, appellant would not have been required to file an application. *Bryant v. Wigley,* 246 Ga. 155 (1) (269 SE2d 418) (1980); *Wright v. Hanson,* 248 Ga. 523 (1) (283 SE2d 882) (1981). However, in 1984 the General Assembly revised OCGA § 5-6-35, so that it now includes "[a]ppeals from judgments or orders in divorce, alimony, *child custody, and other domestic relations cases including, but not limited to*, granting or refusing a divorce or temporary or permanent alimony, awarding or refusing to change child custody, or holding or declining to hold persons in contempt of such alimony or child custody judgment or orders." 1984 Ga. L. 599, 601, Sec. 2. (Emphasis supplied.)

The language of OCGA § 5-6-35 (a) (2), as amended, does not expressly refer to child custody habeas actions. However, this absence

does not control our interpretation of the amendment, since the term "child custody, and other domestic relations cases" is facially broad, and the language following that term, which states that it includes, but is not limited to, the enumerated classes of domestic relations judgments and orders, indicates that the General Assembly intended the term to be interpreted as broadly as it appears. Our construction of the amendment is also guided by the principle that "[i]t is presumed that all statutes are enacted by the General Assembly with full knowledge of the existing law, including decisions of the courts." *Medical Center Hosp. Auth. v. Andrews*, 250 Ga. 424, 426 (297 SE2d 28) (1982). Accord *Mullins v. First General Ins. Co.*, 253 Ga. 486, 487 (322 SE2d 265) (1984); *Price v. City of Snellville*, 253 Ga. 166, 167-68 (317 SE2d 834) (1984). Here, inasmuch as our previous decisions construing prior enactments of OCGA § 5-6-35 held that the classes of cases listed in the statute did not encompass child custody habeas suits, we conclude that the General Assembly's addition of the term "child custody, and other domestic relations cases including, but not limited to" the enumerated classes previously found therein was intended to add child custody habeas corpus actions to the purview of OCGA § 5-6-35. To the extent that they are in conflict with this holding, our earlier rulings in *Bryant*, supra, 246 Ga., and *Wright*, supra, 248 Ga., will not be followed. Leonard's appeal is dismissed.

*Appeal dismissed. All the Justices concur, except Hill, C. J., who dissents.*

DECIDED JANUARY 7, 1985 —
REHEARING DENIED JANUARY 23, 1985.

*M. Dale English,* for appellant.
*Elsie Higgs Griner,* for appellee.