69946. DEPARTMENT OF HUMAN RESOURCES v. JOHNSON.
(333 SE2d 845)

DEEN, Presiding Judge.

The appellee, Mary Johnson, and Danny Sosebee were divorced in 1975. Sosebee was awarded custody of their child, Danny Sosebee, Jr., but the appellee was not ordered to pay child support under the divorce decree. Subsequently, the Georgia Department of Human Resources (DHR) began paying public assistance benefits to Danny and Pam Sosebee on behalf of the child. On July 12, 1984, DHR commenced this action against the appellee to recover the benefits paid since August 1980 and to establish future support payments. At the hearing on the matter on August 21, 1984, before all the evidence was heard, the trial court denied DHR's petition, on the basis that the appellee had not received sufficient notice under *Burns v. Swinney*, 252 Ga. 461 (314 SE2d 440) (1984).

The record shows that the appellee received a letter dated May 2, 1984, informing her that the child had been receiving public assistance and requesting her to contact the child support recovery agent to discuss the amounts potentially owed. She contacted the agent and met with him on May 9, 1984, at which time the agent explained her child support obligations. At the hearing, the appellee protested that she had been unaware of her son's receipt of public assistance benefits until her meeting with the child support recovery agent. She also testified that she had lived in the county the entire time, and that her

address could have been ascertained by DHR without difficulty. *Held*:

In *Burns v. Swinney*, supra at 464, the Supreme Court held that "where parents are divorced and custody is awarded to one parent, where the parent not having custody has not been ordered by any court to pay child support, and where the nonpaying parent's address is known or can be ascertained, the state . . . must notify the parent of the duty of support and of the application for AFDC payments before such parent becomes obligated to reimburse the state for such payments." On appeal here, DHR concedes that under *Burns v. Swinney*, supra, it could not recover for public assistance payments made prior to May 1984, since the appellee had had no notice of such payments, but it contends that the letter of May 2, 1984, or that letter combined with the actual meeting with the appellee on May 9, 1984, satisfied the notice requirement.

We agree with the appellee that the letter of May 2, 1984, without more, did not constitute adequate notice under OCGA § 19-11-10. The letter informed her that she "may be held responsible for repayment to State of Georgia of all public assistance (welfare) paid to or on behalf of the child." However, the letter further provided that "if a court has ordered you to pay child support . . . you owe a debt to the state for the unpaid amount listed in the court order." In short, the letter alone did not make it clear that the appellee could be ordered to reimburse the state even though she had not been under court order to pay child support.

Nevertheless, we do conclude that the letter, together with the clarifying and more informational meeting on May 9, 1984, provided adequate notice under OCGA § 19-11-10 and *Burns v. Swinney*, supra. It was uncontroverted that the agent explained to the appellee during the meeting what her child support obligations were, and what alternatives were available to her. The appellee then chose to have a hearing on the matter rather than enter a consent agreement to pay the arrearage. As of May 9, 1984, the appellee had been given adequate notice and opportunity to be heard, and the trial court erred in holding that, due to insufficient notice, DHR was not entitled to reimbursement for public assistance payments made after that date. Accordingly, we must reverse the order of the trial court and remand the matter for a full hearing and determination pursuant to OCGA § 19-11-10.

The dissent contends that this appeal should be dismissed because DHR failed to file an application for appeal required under OCGA § 5-6-35 (a) (2). OCGA § 19-11-5 provides that "[t]he payment of public assistance to or on behalf of a child creates a debt due and owing the state by the parent or parents responsible for the support of the child." This Code section was the statutory basis for the action commenced by DHR in this case. Accordingly, this type of case is one

seeking collection of a debt and requiring discretionary appeal procedures only where the judgment is $2,500 or less, pursuant to OCGA § 5-6-35 (a) (6).

*Judgment reversed with direction. Banke, C. J., Birdsong, P. J., Sognier and Pope, JJ., concur. McMurray, P. J., Carley and Benham, JJ., concur in the judgment only. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

The Georgia Department of Human Resources seeks reimbursement from Johnson, a non-custodial parent, of AFDC benefits paid on behalf of her child. The trial court denied the Department's petition, which also included a request to establish future support payments to be made by Johnson. The Department appeals.

Johnson asserts that this appeal must be dismissed because the Department failed to file an application for appeal as required under OCGA § 5-6-35 (a) (2).

OCGA § 5-6-35 (a) (2), as amended in 1984, mandates that applications for appeal be filed in all "[a]ppeals from judgments or orders in divorce, alimony, child custody, and *other domestic relations cases including, but not limited to*, granting or refusing a divorce or temporary or permanent alimony, awarding or refusing to change child custody, or holding or declining to hold persons in contempt of such alimony or child custody judgment or orders." (Emphasis supplied.) This provision became effective on July 1, 1984. Ga. L. 1984, p. 599, § 2. Thus, it was in effect on September 28, 1984, the date the present appeal was filed.

The question raised is whether an appeal of a case involving a non-custodial parent's obligation to reimburse the state for AFDC benefits paid for the child's support falls within the scope of OCGA § 5-6-35 (a) (2).

In *Evans v. Davey*, 154 Ga. App. 269 (267 SE2d 875) (1980), we concluded that under Code Ann. § 6-701.1 (a) (2) [OCGA § 5-6-35 (a) (2)] the category "child custody . . . cases" is different from, and in addition to, "divorce . . . cases" where child custody is a part of the divorce case. Thus, the categories are not just "divorce" and "alimony"; "child custody" is a separate category. In line with *Evans*, "other domestic relations cases" is yet a fourth category of OCGA § 5-6-35 (a) (2), which encompasses cases *other than* divorce, alimony, and child custody.

"[T]he term 'child custody, and other domestic relations cases' is facially broad, and the language following that term, which states that it includes, but is not limited to, the enumerated classes of domestic relations judgments and orders, indicates that the General Assembly intended the term to be interpreted as broadly as it appears." *Leonard v. Benjamin*, 253 Ga. 718, 719 (324 SE2d 185) (1985).

Cases involving the reimbursement of AFDC payments are in nature child support cases. See, e.g., *Young v. Dept. of Human Resources*, 148 Ga. App. 518 (251 SE2d 578) (1978). Indeed, these actions are authorized by the "Child Support" Recovery Act. OCGA § 19-11-5. In analyzing inclusion even under the pre-1984 provision, the Supreme Court looked at "the underlying subject matter," what the dispute "arise[s] out of." *Bedford v. Bedford*, 246 Ga. 780 (273 SE2d 167) (1980). *Dept. of Human Resources v. Bagley*, 240 Ga. 306 (240 SE2d 867) (1977) illustrates that the right to reimbursement may even come up in the context of a contempt proceeding to enforce a divorce decree.[1]

The term "domestic relations" in the statute is not limited to matters arising out of marriage since a child born out of wedlock can be the subject of a child custody case, *Christian v. Gainer*, 236 Ga. 376 (223 SE2d 797) (1976). Thus, although many AFDC efforts to regain payments will relate to illegitimate children, this would not take them out of the category "domestic relations."

The language of *Wigley v. Nance*, 163 Ga. App. 185 (293 SE2d 369) (1982), implies that *all* "domestic relations cases" are subject to review only through discretionary appeal procedure. Therefore, I would conclude that "child support cases" fall within this broad "other domestic relations" category and that questions on such matters raised on appeal are "precisely those questions which the General Assembly intended . . . to be reviewed by this court only upon application." *Camp v. Camp*, 247 Ga. 533 (277 SE2d 55) (1981).

This court's adoption of the opposite position, holding that OCGA § 5-6-35 (a) (6), and not § 5-6-35 (a) (2), is controlling, results in appeals of actions for reimbursement of AFDC benefits being either direct or discretionary. The issue of whether an appeal was properly direct or discretionary would be determined by looking to the amount of the judgment entered rather than at the nature of the case. Those involving judgment for the state of $2,500 or less could be appealed only upon application for discretionary review, whereas all other cases involving reimbursement of AFDC benefits will be directly appealable, regardless of amount or which party prevailed or what the underlying issues are. It would not appear that the legislature intended to make such a distinction in dealing with enforcement of the obligation of a parent to support his or her minor child. Often involved are issues of who has what responsibility for the child's support and on what basis. The action is even brought in the name of the minor child. OCGA § 19-11-7 (a). Even if AFDC reimbursement cases

---

[1] It is noted that in *State of Ga. v. McKenna*, 253 Ga. 6, 9 (315 SE2d 885) (1984), the Supreme Court held in part that an action under URESA (The Uniform Reciprocal Enforcement of Support Act) is not "merely a collection action."

are "actions for damages," as that term is used in OCGA § 5-6-35 (a) (6), I would conclude that the appeal here is not governed by that section and dismiss this appeal for failure to file an application for appeal in compliance with OCGA § 5-6-35 (a) (2).

DECIDED JUNE 18, 1985 —
REHEARING DENIED JULY 31, 1985 —

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Mary Foil Russell, Senior Assistant Attorneys General, Krista J. Seckinger, Assistant District Attorney*, for appellant.
*Jon B. Wood*, for appellee.