### 74363. GANJIZADEH v. BROWN.
(357 SE2d 154)

BANKE, Presiding Judge.

The appellee filed what was denominated a habeas corpus petition, seeking to be awarded custody of her minor child. Named as the respondent in the petition was the child's father, the appellant herein. It appears that the parties were divorced in Arkansas in 1984, at which time custody of the child was awarded to the appellee, but that later, after the appellee had moved with the child to Georgia, the appellant obtained an *ex parte* order from the Arkansas court purporting to transfer temporary custody of the child to him. The appellee alleged in her habeas corpus petition that she had been arrested in Georgia pursuant to an Arkansas warrant charging her with interference with visitation and that physical custody of the child had been placed in the Jones County Department of Family and Children Services at that time.

The trial court declined to enforce the *ex parte* Arkansas order

transferring custody of the child to the appellant and instead ordered the child returned to the custody of the appellee. The appellant then filed a direct appeal to this court, and we transferred the case to the Supreme Court. The Supreme Court initially dismissed the appeal based on the appellant's failure to file an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2). However, it later vacated its dismissal order and transferred the case back to this court, concluding that the proceeding below "was in substance a proceeding under the Uniform Child Custody Jurisdiction Act, OCGA Title 19, Chapter 9, Article 3, rather than a habeas corpus proceeding." *Held*:

An application for appeal is required in all appeals "from judgments or orders in . . . child custody, and other domestic relations cases including, but not limited to . . . awarding or refusing to change child custody. . . ." OCGA § 5-6-35 (a) (2). No application for discretionary appeal having been filed in the present case, it follows that the appeal must be dismissed for lack of jurisdiction. Accord *Leonard v. Benjamin*, 253 Ga. 718 (324 SE2d 185) (1985).

*Appeal dismissed. Carley and Benham, JJ., concur.*

DECIDED MAY 5, 1987.

*Julius A. Powell, Jr.*, for appellant.
*Green Berry Moore III*, for appellee.