A91A0603, A91A0604. JACKSON v. ROACH; and vice versa.
(405 SE2d 712)

McMURRAY, Presiding Judge.

James E. Roach filed a paternity action against Maryella Jackson, seeking to establish the paternity of defendant's unborn child. Defendant answered and alleged that "she . . . delivered a child, a son, born December 5, 1987, and [that] the Plaintiff is the natural father of this child." In an amended answer, defendant requested child support, medical expenses, court costs and attorney fees.

The case was tried before a jury. Plaintiff was found to be the father of the minor child and defendant was awarded support for the minor child. Defendant appealed in Case No. A91A0603 after the denials of her motion for new trial and her motion for judgment notwithstanding the verdict. Plaintiff cross-appealed in Case No. A91A0604 after the trial court entered an order awarding defendant child support from the date of the minor child's birth. *Held*:

OCGA § 5-6-35 (a) (2) requires all "[a]ppeals from judgments or orders in divorce, alimony, child custody, and other domestic relations cases . . ." be by application. Defendant's direct appeal and plaintiff's cross-appeal are from orders awarding defendant support for a minor child. Such appeals are domestic relations cases which require compliance with the discretionary appeal procedure of OCGA § 5-6-35. See *Weaver v. Chester*, 195 Ga. App. 471 (393 SE2d 715). Since neither defendant nor plaintiff followed the mandatory appeal procedures of OCGA § 5-6-35, the appeal in Case No. A91A0603 and the cross-appeal in Case No. A91A0604 must be dismissed. Compare *Department of Human Resources v. Johnson*, 175 Ga. App. 610 (333 SE2d 845), where this Court allowed a direct appeal after judgment in a suit for recovery of public assistance benefits paid on behalf of that appellee's child, classifying the action as one for the collection of a debt and not a domestic relations case.

*Appeal in Case No. A91A0603 and cross-appeal in Case No. A91A0604 dismissed. Sognier, C. J., and Andrews, J., concur.*

Decided April 8, 1991 —
Rehearing denied May 3, 1991 —

*Glenville Haldi,* for appellant.
*Custer, Hill & Clark, Lawrence B. Custer, Douglas A. Hill,* for appellee.