## A92A1090. BROWN v. DEPARTMENT OF HUMAN RESOURCES et al.
### (418 SE2d 404)

SOGNIER, Chief Judge.

James Brown filed a pro se complaint requesting the Superior Court of Ware County declare he is not the biological father of Risetta Whitfield's infant son, Jeremy, and praying the superior court enjoin the Department of Human Resources from requiring him to pay child support. The defendants answered, and the case proceeded to trial. Based on Brown's failure to respond when the case was called, the trial court dismissed his complaint for want of prosecution. OCGA § 9-11-41 (b). Brown filed a direct appeal from that order.

Regardless how denominated, appellant's complaint clearly constituted a petition to establish the paternity of a child, which appellant as the alleged father was entitled to institute. OCGA § 19-7-43 (a) (5). OCGA § 5-6-35 (a) (2) requires all "[a]ppeals from judgments or orders in divorce, alimony, child custody, and other domestic relations cases" be by application. Appeals arising out of paternity petitions are domestic relations cases which require compliance with the discretionary appeal procedure of OCGA § 5-6-35. See *Jackson v.*

*Roach,* 199 Ga. App. 653 (405 SE2d 712) (1991). Since appellant failed to follow the mandatory appeal procedures, his appeal must be dismissed. Id.

*Appeal dismissed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 15, 1992.

James Brown, *pro se.*

Harry D. Dixon, Jr., District Attorney, Brenda L. Mullis, Assistant District Attorney, Michael J. Bowers, Attorney General, for appellees.

