## A98A0805. FITZGERALD v. DEPARTMENT OF HUMAN RESOURCES.
(497 SE2d 659)

ELDRIDGE, Judge.

On March 4, 1997, the Department of Human Resources ("DHR") filed a petition pursuant to OCGA § 19-11-12 in the Superior Court of Houston County, which was the county of residence of appellant-defendant Randall Fitzgerald, and requested that the superior court adopt the agency recommendation that was attached to the petition as an order of the court and to enter an income deduction order pursuant to OCGA § 19-6-30 et seq. The attached agency recommendation recommended that the child support order issued by the Superior Court of Bibb County in Civil Action No. 91CV82812 be modified to increase the amount of child support to be paid by Fitzgerald. Each defendant was served by mail. Fitzgerald filed a timely written objection.

The case was heard by the superior court de novo on September 17, 1997. On September 23, 1997, the trial judge entered: (1) an order modifying the previous order entered in Bibb County Superior Court, which increased the amount of child support owed by Randall Fitzgerald to the amount in the agency's recommendation; and (2) an income deduction order pursuant thereto. Fitzgerald filed a direct appeal from the entry of these orders. DHR filed a motion to dismiss Fitzgerald's appeal for failure to comply with the discretionary appeal procedures of OCGA § 5-6-35.

An appeal from the superior court's order under OCGA § 19-11-12 (c) (4) modifying the amount of Fitzgerald's child support obligation must be brought as a discretionary appeal under both OCGA § 5-6-35 (a) (1) (appeals from a local administrative agency and lower courts by de novo review) and OCGA § 5-6-35 (a) (2) (appeals from "divorce, alimony, child custody, and other domestic relations cases").[1] See *Dept. of Human Resources v. Siggers*, 219 Ga. App. 1 (463 SE2d 544) (1995); *Dept. of Human Resources v. Anderson*, 218 Ga. App. 528 (462 SE2d 439) (1995); see also *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257 (471 SE2d 60) (1996). "Compliance with the discretionary appeals procedure is jurisdictional. *Fabe v. Floyd*, 199 Ga. App. 322, 332 (405 SE2d 265) [(1991)]." *Smoak v. Dept. of Human Resources*, supra at 257. Therefore, Fitzgerald's failure to follow the discretionary appeal procedures of OCGA § 5-6-35 deprives this Court of jurisdiction, and Fitzgerald's appeal must be

---

[1] This is not an appeal from an action filed in the superior court to collect a debt due DHR under OCGA § 19-11-5 and requiring discretionary appeal procedures only when the judgment is $10,000 or less. See OCGA § 5-6-35 (a) (6); *Dept. of Human Resources v. Johnson*, 175 Ga. App. 610 (333 SE2d 845) (1985).

dismissed.

   *Appeal dismissed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 11, 1998.

*Carpenter & Phillips, Jimmy R. Phillips, Jr.,* for appellant.
   *Kelly R. Burke, District Attorney, James F. Garnett, Assistant District Attorney, Thurbert E. Baker, Attorney General, Dennis R. Dunn, William C. Joy, Senior Assistant Attorneys General, Katherine S. Davis, Assistant Attorney General,* for appellee.

