A12A1539. BOOKER v. GEORGIA DEPARTMENT OF HUMAN RESOURCES.
(731 SE2d 110)

McFADDEN, Judge.

Pursuant to a request filed by the Georgia Department of Human Resources, the trial court held that Serbrena Booker's son was emancipated because he had reached the age of majority and was not enrolled in and attending a secondary school; thus, the court held, under OCGA § 19-6-15 (e) the son's father no longer was obligated to pay child support. Because Booker has failed to comply with the discretionary appeal procedures of OCGA § 5-6-35, but instead has filed a direct appeal from this ruling, we must dismiss the appeal.

"OCGA § 5-6-35 (a) (2) provides, without exception, that appeals in 'domestic relations cases' must be brought by application for discretionary appeal." *Walker v. Estate of May,* 279 Ga. 652, 653 (1)

(619 SE2d 679) (2005). This is a domestic relations case subject to review only by application because its underlying subject matter is a father's obligation to provide child support for his son. See *Camp v. Camp*, 247 Ga. 533 (277 SE2d 55) (1981); *Davis v. Welch*, 205 Ga. App. 462, 463 (422 SE2d 323) (1992). This case falls within OCGA § 5-6-35 (a) (2) even though it was initiated by the Department of Human Resources. See *Fitzgerald v. Dept. of Human Resources*, 231 Ga. App. 129 (497 SE2d 659) (1998) (appeal from order modifying child support obligation in case initiated by Department of Human Resources must be brought as discretionary appeal under OCGA § 5-6-35 (a) (2), among other subsections).

"Compliance with the discretionary appeals procedure is jurisdictional. Therefore, [Booker's] failure to follow the discretionary appeal procedures of OCGA § 5-6-35 deprives this Court of jurisdiction, and [her] appeal must be dismissed." (Citations and punctuation omitted.) *Fitzgerald*, 231 Ga. App. at 129-130.

*Appeal dismissed. Barnes, P. J., and Adams, J., concur.*

DECIDED AUGUST 14, 2012 — ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Serbrena Booker, *pro se.*
Samuel S. Olens, *Attorney General*, Mark J. Cicero, *Assistant Attorney General*, Randy J. Comins, for appellee.