**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 14, 2012**

# In the Court of Appeals of Georgia

A12A1539. BOOKER v. GEORGIA DEPARTMENT OF HUMAN
RESOURCES.

MCFADDEN, Judge.

Pursuant to a request filed by the Georgia Department of Human Resources,
the trial court held that Serbrena Booker's son was emancipated because he had
reached the age of majority and was not enrolled in and attending a secondary school;
thus, the court held, under OCGA § 19-6-15 (e) the son's father no longer was
obligated to pay child support. Because Booker has failed to comply with the
discretionary appeal procedures of OCGA § 5-6-35, but instead has filed a direct
appeal from this ruling, we must dismiss the appeal.

"OCGA § 5-6-35 (a) (2) provides, without exception, that appeals in 'domestic
relations cases' must be brought by application for discretionary appeal." *Walker v.*

*Estate of May*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005). This is a domestic relations case subject to review only by application because its underlying subject matter is a father's obligation to provide child support for his son. See *Camp v. Camp*, 247 Ga. 533 (277 SE2d 55) (1981); *Davis v. Welch*, 205 Ga. App. 462, 463 (422 SE2d 323) (1992). This case falls within OCGA § 5-6-35 (a) (2) even though it was initiated by the Department of Human Resources. See *Fitzgerald v. Dept. of Human Resources*, 231 Ga. App. 129 (497 SE2d 659) (1998) (appeal from order modifying child support obligation in case initiated by Department of Human Resources must be brought as discretionary appeal under OCGA § 5-6-35 (a) (2), among other subsections).

"Compliance with the discretionary appeals procedure is jurisdictional. Therefore, [Booker's] failure to follow the discretionary appeal procedures of OCGA § 5-6-35 deprives this Court of jurisdiction, and [her] appeal must be dismissed." (Citations and punctuation omitted.) *Fitzgerald*, supra, at 129-130.

*Appeal dismissed. Barnes, P. J., and Adams, J., concur.*