# Court of Appeals
# of the State of Georgia

ATLANTA,  November 12, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0446. KRYSTAL JOY LUCADO v. HUGH DAVID COHERD.**

In this action for modification of child support and visitation, Krystal Joy Lucado seeks to appeal the trial court's order granting Hugh David Coherd's petition for declaratory judgment on the appropriate interest rate to be applied to Coherd's child support arrearage.[1] Coherd has filed a motion to dismiss the appeal.  We lack jurisdiction because the order at issue is not subject to direct appeal.

"Appeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). Because this case involves the collection of child support, it is a domestic relations case within the meaning of the statute. See *Booker v. Ga. Dept. of Human Resources*, 317 Ga. App. 426, 427 (731 SE2d 110) (2012) (an action in which the "underlying subject matter is the obligation to provide child support" is "a domestic relations case subject to review only by application"). Although Coherd also sought to modify visitation in his action, which is a part of custody, *Vines v. Vines*, 292 Ga. 550, 551 (2) (739 SE2d 374) (2013), and orders regarding custody are directly appealable under OCGA § 5-6-34 (a) (11), the order at issue in this appeal does not include any child custody rulings, so it does not fall within the scope of this provision. See *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017).

Moreover, the order at issue is an interlocutory ruling, as the trial court

---

[1] Lucado filed a notice of appeal to Supreme Court, which transferred the appeal to this Court. See S21A1080, Sept. 21, 2021.

scheduled the final hearing on all outstanding matters in the case to occur at a later time. Accordingly, Lucado can not obtain appellate review of the order without complying with the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review. See *Duke v. State*, 306 Ga. 171, 172 (1) (829 SE2d 348) (2019); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991). Lucado sought a certificate of immediate review, «**V11, R143-158**» but it appears that the trial court denied her request. The denial of a request for a certificate of immediate review is not an appealable ruling. See *Price v. State*, 237 Ga. 352, 352-353 (2) (227 SE2d 368) (1976).

Lucado's failure to follow the interlocutory appeal procedure deprives this Court of jurisdiction over the appeal. See generally *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (party seeking appellate review from an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute). Accordingly, Coherd's motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  11/12/2021*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*