# Court of Appeals
# of the State of Georgia

ATLANTA,  April 13, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1092. ROBERT JAMES HENSLEY, JR. v. GEORGIA DEPARTMENT OF HUMAN SERVICES, EX. REL. GLORIA BRINKLEY.**

The Georgia Department of Human Services (the "Department") filed a notice of registration for enforcement of an out-of-state child support order entered against Robert James Hensley and a complaint for the enforcement of said order by contempt. Hensley filed a motion to dismiss the Department's filings, which the trial court denied. Hensley filed a notice of appeal from the trial court's order. We, however, lack jurisdiction.

"Appeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). Because this case involves the collection of child support, it is a domestic relations case within the meaning of the statute. See *Booker v. Ga. Dept. of Human Resources*, 317 Ga. App. 426, 427 (731 SE2d 110) (2012) (an action in which the "underlying subject matter is a father's obligation to provide child support" is "a domestic relations case subject to review only by application"). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991). Although OCGA § 5-6-34 (a) (11) permits a direct appeal from child custody rulings issued in child custody cases, the order at issue in this appeal does not include any child custody rulings, so it does not fall within the scope of this provision. See *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017).

Hensley's failure to follow the discretionary appeal procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __04/13/2022__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_ , *Clerk.*