# Court of Appeals
# of the State of Georgia

ATLANTA,  August 28, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0248. REGINALD L. WINFREY v. EARNELLE P. WINFREY.**

Reginald Winfrey and Earnelle Winfrey were divorced in 2019. Their divorce decree, which incorporated a settlement agreement, included provisions for child support. In 2023, Reginald filed a petition seeking a declaration that his child support obligations had ended, and that Earnelle owed him child support. The parties filed cross-motions for summary judgment. Earnelle also sought attorney fees under OCGA § 9-15-14. The trial court denied Reginald's motion for summary judgment but granted Earnelle's motion for summary judgment and awarded her attorney fees. Reginald then filed this direct appeal. We, however, lack jurisdiction.

First, "[a]ppeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). Because this case involves the collection of child support, it is a domestic relations case within the meaning of the statute and Reginald was required to file a discretionary application. See *Booker v. Ga. Dept. of Human Resources*, 317 Ga. App. 426, 426-427 (731 SE2d 110) (2012). Second, an appeal from a trial court order granting or denying a request for OCGA § 9-15-14 attorney fees must also be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (10), (b); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Reginald's failure to follow the proper procedure thus deprives us of jurisdiction over this direct appeal. See id. at 257-258. Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, _08/28/2024_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.