# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0549. DANNY HICKS, JR. v. GEORGIA DEPARTMENT OF HUMAN RESOURCES, EX REL., BROOKLYNN HICKS.

In 2021, the trial court entered an order establishing defendant Danny Hicks, Jr.'s paternity to a minor child and requiring him to pay child support. Hicks filed a notice of appeal, challenging the child support calculation. We, however, lack jurisdiction.[1]

To determine whether a party may bring a direct appeal, we look to the issue raised on appeal. See *Voyles v. Voyles*, 301 Ga. 44, 45-46 (799 SE2d 160) (2017). Although paternity cases may be subject to direct appeal as "child custody cases" under OCGA § 5-6-34 (a) (11) where the trial court makes a custody ruling, see *Ross v. Small*, 355 Ga. App. 483, 483-484 & n. 3 (844 SE2d 535) (2020), here, the trial court did not address custody or visitation, and Hicks only challenges the trial court's ruling on child support. Thus, the issue on appeal involves a domestic relations matter under OCGA § 5-6-35 (a) (2). See *Booker v. Ga. Dept. of Human Resources*, 317 Ga. App. 426, 427 (731 SE2d 110) (2012) (an action in which the "underlying subject matter is a father's obligation to provide child support" is "a domestic relations case subject to

---

[1] While it has no bearing on our jurisdiction, we note the significant delay between the filing of the notice of appeal in August 2021 and the transmission of the case from the trial court to this Court in 2024. According to the trial court clerk, the delay in transmittal occurred because the appeal was rejected in 2021 and the previous appeal clerk never resent the appeal. Nevertheless, we emphasize the importance of the trial court clerk's duty to expeditiously prepare and transmit the record to this Court. See OCGA § 5-6-43 (a).

review only by application").

"Appeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Accordingly, Hicks was required to comply with the discretionary appeal procedure to obtain review of the trial court's order. His failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Booker*, 317 Ga. App. at 427.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___11/13/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*