# Court of Appeals
# of the State of Georgia

ATLANTA, March 21, 2025

*The Court of Appeals hereby passes the following order:*

## A25A0995.  EDRICK HARDRICK v. THE GEORGIA DEPARTMENT OF HUMAN SERVICES, EX. REL., KARTER THOMPSON.

On August 16, 2024, the Superior Court of Lee County entered a final order modifying Edrick Hardrick's child support obligation, as requested by the Georgia Department of Human Services, Division of Child Support Services. Following entry of the final order, Hardrick filed several pro se motions with the trial court, including a "Motion to Strike Default Judgment." On December 23, 2024, the trial court entered its "Order Denying Defendant Hardrick's Motions." Hardrick subsequently filed a direct appeal from the trial court's December 23, 2024 order. We lack jurisdiction.

"It is always incumbent upon appellate courts to inquire into their own jurisdiction." *Cloud v. Norwood*, 321 Ga. App. 218, 218 (739 SE2d 93) (2013). Even if one or more of Hardrick's pro se motions could be construed liberally as a motion to set aside the August 16, 2024 judgment pursuant to OCGA § 9-11-60 (d), an order denying a motion to set aside the judgment must be brought by application for discretionary review.  See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).  And in any event, "[t]his is a domestic relations case subject to review only by application because its underlying subject matter is [an individual's] obligation to provide child support[.]" *Booker v. Ga. Dept. of Human Resources*, 317 Ga. App. 426, 427 (731 SE2d 110) (2012) ("appeal from order modifying child support obligation in case initiated by Department of Human Resources must be brought as discretionary appeal under OCGA § 5-6-35 (a) (2)")

(citation omitted). See OCGA § 5-6-35 (a) (2) (appeals from judgments or orders entered in "domestic relations cases" must be brought by discretionary application).

Accordingly, because Hardrick failed to comply with the discretionary appeal procedures of OCGA § 5-6-35, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  03/21/2025*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*