# Court of Appeals
# of the State of Georgia

ATLANTA, April 08, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1485. DARRYL C. WALTERS v. GEORGIA DEPARTMENT OF HUMAN SERVICES, EX REL. ROYAL WALTERS et al.**

After the trial court entered a final order establishing Darryl Walters's paternity of three minor children and requiring him to pay child support, Walters submitted multiple post-judgment filings seeking relief from those rulings on numerous grounds. The trial court denied and dismissed the motions and barred Walters from filing additional motions or pleadings in this case. Walters then filed this direct appeal. We lack jurisdiction.

"Appeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). Because this case involves paternity and the collection of child support, it is a domestic relations case within the meaning of OCGA § 5-6-35 (a) (2). See *Booker v. Ga. Dept. of Human Resources*, 317 Ga. App. 426, 427 (731 SE2d 110) (2012) (an action in which the "underlying subject matter is a father's obligation to provide child support" is "a domestic relations case subject to review only by application"); *Brown v. Dept. of Human Resources*, 204 Ga. App. 27, 27 (418 SE2d 404) (1992) ("Appeals arising out of paternity petitions are domestic relations cases which require compliance with the discretionary appeal procedure of OCGA § 5-6-35."). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Accordingly, Walters was required to comply with the discretionary appeal procedure to obtain review of the trial court's order addressing his post-judgment filings. His failure to do

so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Booker*, 317 Ga. App. at 427; *Brown*, 204 Ga. App. at 27-28.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__04/08/2025_____*

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*