# Court of Appeals
# of the State of Georgia

ATLANTA, December 08, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0451. MIESHA MORGAN v. DARNELL SEXTON.

In this paternity and child support proceeding, the trial court entered a final order establishing the child support obligations of the father, Darnell Sexton. The mother, Miesha Morgan, then filed a notice of appeal in the trial court. We lack jurisdiction.

"Appeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review with the clerk of the appropriate appellate court. OCGA § 5-6-35 (a) (2), (b), (d). Because this case involves paternity and child support, it is a domestic relations case within the meaning of OCGA § 5-6-35 (a) (2). See *Booker v. Ga. Dept. of Human Resources*, 317 Ga. App. 426, 427 (731 SE2d 110) (2012) (an action in which the "underlying subject matter is a father's obligation to provide child support" is "a domestic relations case subject to review only by application"); *Brown v. Dept. of Human Resources*, 204 Ga. App. 27, 27 (418 SE2d 404) (1992) ("Appeals arising out of paternity petitions are domestic relations cases which require compliance with the discretionary appeal procedure of OCGA § 5-6-35."). Accordingly, Morgan was required to comply with the discretionary appeal procedure to obtain review of the trial court's order.

Although Morgan included with her notice of appeal a copy of a document entitled "Application for Discretionary Appeal," she filed this document in the trial court, rather than in this Court. See OCGA § 5-6-35 (d) (an application for discretionary review "shall be filed with the clerk of the Supreme Court or the Court of Appeals"). "Compliance with the discretionary appeals procedure is

jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Morgan's failure to comply with the discretionary appeals procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Booker*, 317 Ga. App. at 427; *Brown*, 204 Ga. App. at 27-28.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__12/08/2025_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.

# In the Court of Appeals of Georgia

A26A0451. MORGAN v. SEXTON.

MCFADDEN, Presiding Judge, dissenting.

I respectfully dissent to the order dismissing the direct appeal in this case.

This appeal is subject to the discretionary application procedures. Instead of filing an application for discretionary appellate review with this court, however, the appellant erroneously filed her application with the trial court.

Our state constitution provides that "[a]ny court shall transfer to the

appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. In my view, that constitutional provision required the trial court to transfer the application for discretionary appellate review to this court.

I recognize that there is not yet any precedent applying the constitutional provision to a case in this particular procedural posture, where an application for discretionary appellate review was filed with the trial court rather than the appellate court. And I recognize that applying the constitutional provision in this case could present logistical challenges to trial courts. Nevertheless, this case presents the jurisdictional issue governed by Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. Had the trial court transferred the application for discretionary appellate review to us, we would have had jurisdiction to consider the appeal, but because the trial court did not do so, we lack jurisdiction.

For this reason, instead of dismissing the appeal, I would exercise this court's inherent power to protect our jurisdiction, see *Blash v. State*, 318 Ga. 325, 331 (1) (a) n. 5 (898 SE2d 522) (2024), by remanding the case to the trial court with direction that the trial court transfer the discretionary application to us pursuant to Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII.