## A02A0832. CAPRICORN SYSTEMS, INC. et al. v. GODAVARTHY.
(560 SE2d 730)

ELDRIDGE, Judge.

A DeKalb County jury returned a verdict against Capricorn Systems, Inc. ("Capricorn") on its employment contract action against Srivinas Godavarthy and for Godavarthy on his counterclaim against Capricorn for past wages. The trial court entered final judgment on the jury's verdict on February 12, 2001. In a second order, dated that same day, the trial court awarded to Godavarthy attorney fees and expenses of litigation pursuant to OCGA § 9-15-14 (b): "it is ORDERED that Srivinas Godavarthy have judgment against Capricorn Systems, Inc. in the amount of $40,000.00 of which $5,000.00 shall be against both Capricorn Systems, Inc. and its counsel, Theodore Lackland, jointly and severally."

Thereafter, Capricorn and Lackland filed a notice of direct appeal from "the Final Order and Judgment granting Defendant's

---

Motion for Attorney's Fees and Expenses under OCGA § 9-15-14." Appellants' sole claim of error is that "The trial court erred in granting Defendant attorney's fees under OCGA § 9-15-14 (b)." *Held*:

> OCGA § 5-6-35 (a) (10) requires that an appeal of an award of attorney fees made pursuant to OCGA § 9-15-14 be preceded by the grant of a discretionary application[; however], a direct appeal is permitted "when it is appealed *as part* of a judgment that is directly appealable." *Haggard v. Bd. of Regents*, 257 Ga. 524 (4) (a) (360 SE2d 566) (1987) (award of attorney fees and expenses of litigation made pursuant to OCGA § 9-15-14 and reduced to judgment several months after judgment which is the basis of a direct appeal may be appealed directly and *considered in conjunction with main appeal*). See also *Stancil v. Gwinnett County*, 259 Ga. 507 (384 SE2d 666) (1989) (since § 9-15-14 attorney fee award made two months after directly appealable judgment was entered was *appealed with other matters directly appealable*, no application was necessary); and *Hallman v. Emory University*, 225 Ga. App. 247, 249-250 (483 SE2d 362) (1997) (§ 9-15-14 award directly appealable since attorney fees were *also* awarded pursuant to OCGA § 51-7-80, which is not statutorily subject to discretionary review). Thus, "a party aggrieved by a post-judgment OCGA § 9-15-14 award is required to comply with the discretionary appeal procedure of OCGA § 5-6-35 (a) (10) only in those instances where no direct appeal has been otherwise taken from the underlying judgment. (Cit.)" *Rolleston v. Huie*, 198 Ga. App. 49 (4) (400 SE2d 349) (1990).[1]

As was noted by now Justice Carley when he was a distinguished member of this Court,

> ·OCGA § 5-6-35 (a) provides that appeals in certain specified instances "shall be taken" by application for a discretionary appeal. A careful reading of OCGA § 5-6-35 leads us to the inescapable conclusion that the legislature never intended for the application procedure to be circumvented. An appeal from an award under OCGA § 9-15-14 is included among

---

[1] (Emphasis omitted and supplied.) *Mitcham v. Blalock*, 268 Ga. 644, 646-647 (4) (491 SE2d 782) (1997), overruled in part on other grounds, *Felix v. State*, 271 Ga. 534, 537 (523 SE2d 1) (1999).

those appeals which "shall be taken" by application for a discretionary appeal.[2]

Thus, for judicial expedience and to avoid "the anomalous possibility that [an] OCGA § 9-15-14 award will be allowed to stand notwithstanding the reversal of the underlying judgment upon which the award was erroneously predicated,"[3] this Court will review an OCGA § 9-15-14 award on direct appeal when such review is a part of a direct appeal taken from the underlying judgment. We will otherwise, however, continue to require application for discretionary review in those instances where the *only* judgment being appealed is a trial court's award of expenses under OCGA § 9-15-14.

Here, it is clear that no direct appeal has been taken from the trial court's order and judgment entered on the jury's verdict, and the time for filing such is past.[4] Indeed, no claim of error has been raised with regard to the jury's verdict. The only order being appealed is the judgment against Capricorn and Lackland awarding Godavarthy attorney fees and litigation expenses under OCGA § 9-15-14. A direct appeal will not lie on such grounds, alone. Appellants' failure to follow the requisite discretionary appeals procedures of OCGA § 5-6-35 deprives this Court of jurisdiction to consider this claim of error.[5] Accordingly, the instant appeal must be dismissed.

*Appeal dismissed. Smith, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 20, 2002.

*Theodore H. Lackland*, for appellants.
*Kramer & Thomas, Terence T. Thomas, Maureen W. McCain*, for appellee.

---

[2] (Citation and punctuation omitted.) *Rolleston v. Huie*, supra at 51 (4).
[3] Id. at 52.
[4] OCGA § 5-6-38 (a).
[5] *Fabe v. Floyd*, 199 Ga. App. 322, 332 (405 SE2d 265) (1991) ("compliance with the discretionary appeals procedure is jurisdictional").