**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**May 16, 2013**

# In the Court of Appeals of Georgia

A13A0137. LEDFORD v. MOBLEY.

RAY, Judge.

John W. Ledford appeals the trial court's award of attorney fees pursuant to OCGA § 9-15-14 to Dennis L. Mobley and R & D Trucking and Transport Services, Inc. Because we lack jurisdiction, this case is dismissed.

"It is incumbent upon this Court to inquire into its own jurisdiction." (Citation and punctuation omitted.) *American Mgmt. Svcs. East, Inc. v. Fort Benning Family Communities, LLC*, 318 Ga. App. 827, 828 (1) (734 SE2d 833) (2012). Here, Ledford filed a direct appeal, where he should have filed a discretionary appeal.

OCGA § 5-6-35 (a) (10) provides that "[a]ppeals from awards of attorney's fees or expenses of litigation under Code Section 9-15-14" shall, pursuant to OCGA

§ 5-6-35 (b), "be by application in the nature of a petition enumerating the errors to be urged on appeal and stating why the appellate court has jurisdiction."

It is well settled that the underlying subject matter of an appeal generally controls in determining the proper appellate procedure. *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). Here, an examination of the appellate brief shows enumerations of error addressing only the trial court's award of attorney's fees, which were uncontested below. No enumerations of error relate to other portions of the judgment. "[A]n application for appeal is required when the 'underlying subject matter' of the appeal is listed in OCGA § 5-6-35 (a), even though the party may be appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a)." (Citation omitted.) *Avren v. Garten*, 289 Ga. 186, 192 (7) (710 SE2d 130) (2011), citing *Rebich*, supra. Because the underlying subject matter of this appeal – the award of attorney's fees pursuant to OCGA § 9-15-14 – is listed in OCGA § 5-6-35 (a) (10), Ledford was required to follow the discretionary appeal procedures. *Capricorn Systems, Inc. v. Godavarthy*, 253 Ga. App. 840, 841 (560 SE2d 730) (2002) (discretionary appeal procedure applied where appellant claimed error as to attorney's fee award and made no claims of error as to other, directly appealable issues). Although this Court has found an award of attorney's fees under

OCGA § 9-14-15 directly appealable, it has done so only in instances where, unlike in the instant case, the attorney's fees were appealed along with other, directly appealable matters. See *Murray v. DeKalb Farmers Market, Inc.*, 305 Ga. App. 523, 524 (699 SE2d 842) (2010); *Stancil v. Gwinnett County*, 259 Ga. 507, 508 (384 SE2d 666) (1989); *Haggard v. Bd. of Regents of the Univ. System of Ga.*, 257 Ga. 524, 526 (4) (a) (360 SE2d 566) (1987). These cases do not control here, and we lack jurisdiction.

*Appeal dismissed. Barnes, P. J., and Miller, J., concur.*