# Court of Appeals
# of the State of Georgia

ATLANTA,  January 08, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0932.  WANDA GALANTE et al. v. ADRIENNE MEDLIN et al.**

Adrienne Medlin and Ashley Fay (the "Plaintiffs") filed suit against Wanda Galante and P.D.Q. Property Management, Inc. (collectively, the "Defendants"). In their complaint, the Plaintiffs sought expedited relief to compel the Defendants to provide them access to inspect various books and records of The Meadows Unit Owners' Association, Inc. (the "Association").[1] The parties entered into an interim consent order on December 12, 2017, whereby the Defendants agreed to grant the Plaintiffs access to the requested documents. On December 21, 2017, the Plaintiffs filed a motion for contempt, alleging that the Defendants had violated the terms of the interim consent order, which the trial court granted.

Thereafter, the Plaintiffs filed a motion for attorney fees pursuant to OCGA § 9-15-14 against the Defendants. In an order dated October 1, 2018, the trial court awarded the Plaintiffs $15,328.92 in attorney fees against the Defendants, jointly and severally, based on sanctionable conduct under OCGA § 9-15-14 (b).[2] The Defendants then filed the instant direct appeal. We, however, lack jurisdiction.

An appeal from a trial court order awarding OCGA § 9-15-14 attorney fees must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (10),

---

[1] The Plaintiffs also filed suit against the Association. On April 4, 2018, the Plaintiffs and the Association filed a consent dismissal of all pending matters between these parties based on the terms of a settlement agreement.

[2] Although the Plaintiffs' claims against the Defendants remain pending below, the trial court directed the entry of judgment pursuant to OCGA § 9-11-54 (b) in its October 1 order granting the Plaintiffs' motion for attorney fees.

(b); *Capricorn Systems, Inc. v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Although a discretionary application is not required to appeal a § 9-15-14 fee award that is "appealed along with other, directly appealable matters," no directly appealable matters have been appealed in this case. See *Ledford v. Mobley*, 321 Ga. App. 761, 762 (743 SE2d 461) (2013). Thus, the Defendants' failure to follow the discretionary review procedure deprives us of jurisdiction over this appeal. See id.; *Capricorn Systems, Inc.*, 253 Ga. App. at 842. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/08/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.