# Court of Appeals
# of the State of Georgia

ATLANTA,_January 31, 2019_____

*The Court of Appeals hereby passes the following order:*

**A19A1157.   WHITESTONE INVESTMENTS, INC. et al. v. PAUL JASON MANN.**

In this breach-of-contract action, Plaintiff Paul Jason Mann filed suit against Whitestone Investments, Inc. ("Whitestone"), Roger Blankenship d/b/a Whitestone Investments ("Blankenship"), and Cleanco Cleaning and Restoration a/k/a Cleanco Property Maintenance, LLC ("Cleanco"). Whitestone and Blankenship moved for summary judgment against all Plaintiff's claims, which the trial court granted. Thereafter, Whitestone and Blankenship filed a motion for attorney fees pursuant to OCGA § 9-15-14 against the Plaintiff. In an order dated August 24, 2018, the trial court denied the motion for attorney fees. Whitestone and Blankenship then filed the instant direct appeal. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (citation and punctuation omitted). Although the trial court granted summary judgment to Whitestone and Blankenship in its entirety, the Plaintiff's claims against Cleanco have not been adjudicated and remain pending below. "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (citation and punctuation omitted).

The trial court's order in this case did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b). Therefore, the challenged order is not a final order, and it is

appealable only through the interlocutory appeal procedures set forth in OCGA §
5-6-34 (b). See id.; *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663)
(2015). Whitestone and Blankenship's failure to follow the proper appellate
procedure deprives us of jurisdiction to consider this direct appeal, which is hereby
DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/31/2019*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen*                    , *Clerk.*

---

[1] Even assuming that the trial court's order denying Whitestone and
Blankenship's motion for attorney fees constituted a final order, this direct appeal
would be subject to dismissal because an appeal from a trial court order awarding or
denying OCGA § 9-15-14 attorney fees must be initiated by filing an application for
discretionary review. See OCGA § 5-6-35 (a) (10), (b); *Capricorn Systems, Inc. v.
Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002).