# Court of Appeals
# of the State of Georgia

ATLANTA,   September 17, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0140. JANE ANDREA ADAMSON-MERRILL et al. v. BRADFORD E. MEEHAN.**

Appellee Bradford E. Meehan filed the underlying quiet title action against appellants Jane Andrea Adamson-Merrill and Timothy Charles Adamson, individually and as co-executors of the Estate of Orestus Henry Adamson (collectively, "the Adamsons"). In a prior appeal, we affirmed the trial court's order and final judgment approving and adopting the special master's report, which established Meehan's unencumbered title to the properties at issue.[1] See *Adamson-Merrill et al. v. Meehan*, Case No. A20A0444 (decided June 11, 2020). Thereafter, on February 26, 2021, the trial court entered an amended order and judgment awarding the special master's fees and expenses. On April 22, 2021, the trial court granted Meehan's motion for attorney fees and expenses under OCGA § 9-15-14. On May 20, 2021, the Adamsons filed this direct appeal to obtain review of these post-judgment orders. We, however, lack jurisdiction for two reasons.

First, "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]" OCGA § 5-6-38 (a). The proper

---

[1] Timothy C. Adamson has pursued additional prior appeals before this Court. In 2018, we dismissed Adamson's direct appeal from the trial court's order denying his motion to set aside a 2005 judgment pursuant to OCGA § 9-11-60 (d). See *Adamson v. Meehan*, Case No. A18A1200 (decided February 28, 2018). We also dismissed Adamson's discretionary application seeking to appeal the trial court's order refusing to reconsider its prior order denying his motion to set aside the 2005 judgment. See *Adamson v. Meehan*, Case No. A19D0107 (decided October 10, 2018).

and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *GMC Grp., Inc. v. Harsco Corp.*, 293 Ga. App. 707, 707 (667 SE2d 916) (2008). The Adamsons' notice of appeal was untimely filed 83 days after entry of the February 26 order.

Second, appeals from awards of attorney's fees or expenses of litigation under Code Section 9-15-14 must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (10); *Ledford v. Mobley*, 321 Ga. App. 761, 762 (743 SE2d 461) (2013). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). The Adamsons' failure to follow the proper procedure deprives us of jurisdiction to review the April 22 order.

Because we lack jurisdiction, this appeal is hereby DISMISSED.[2]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/17/2021*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] We previously entered an order granting the Adamsons' request for oral argument. In light of our dismissal of this appeal, our prior order is hereby vacated as moot.