# Court of Appeals
# of the State of Georgia

ATLANTA,  March 30, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1190. IN THE INTEREST OF B. J. R., et al., CHILDREN (MOTHER).**

On October 21, 2020, the juvenile court terminated the mother's parental rights to her two minor children. The mother filed a motion for new trial, which the trial court denied on August 26, 2021. Subsequently, the mother filed a motion to vacate and re-enter the order denying her motion for new trial. The trial court denied the motion to vacate and re-enter, and the mother filed this direct appeal. We lack jurisdiction.

"OCGA § 5-6-35 provides that a party must file an application in order to seek an appeal regarding the termination of parental rights. OCGA § 5-6-35 (a) (12) and (b)." *In the Interest of B. R. F.*, 299 Ga. 294, 296 (788 SE2d 416) (2016). "It is well settled that the underlying subject matter of an appeal generally controls in determining the proper appellate procedure." *Ledford v. Mobley*, 321 Ga. App. 761, 762 (743 SE2d 461) (2013). The underlying subject matter of the instant appeal is the termination of the mother's parental rights. "Compliance with the discretionary appeals procedure is jurisdictional." *Booker v. Ga. Dept. of Human Resources*, 317 Ga. App. 426, 427 (731 SE2d 110) (2012) (punctuation omitted).

Thus, the mother's failure to file a discretionary application deprives us of jurisdiction over her direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* __03/30/2022__

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*