**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 6, 2023**

# In the Court of Appeals of Georgia

A23A0077. LOW et al v. SWIFT et al.
A23A0096. LOW et al. v. JACOBS et al.

DOYLE, Presiding Judge.

In this case involving claims for failure to disclose material defects in a real estate transaction and fraud, the trial court entered summary judgment in favor of the defendants. Plaintiffs Frederick C. Low and Darlene W. Low (collectively, "the Lows") filed a motion to set aside the judgment based on fraud under OCGA § 9-11-60 (d) (2). The trial court denied the motion and, in a separate order, granted the defendants' motion for attorney fees under OCGA § 9-15-14. The Lows then filed these direct appeals. For the reasons set forth below, however, we lack jurisdiction.

In their complaint, the Lows alleged, generally, that six months after they purchased residential real property from Carol C. Swift, the boathouse located on that

property collapsed. Contending that Swift knew the boathouse was damaged but failed to disclose that damage, the Lows filed suit against Swift and also Virginia Jacobs and Kings Bay ERA Realty, Inc. (collectively, "the Kings Bay defendants"), who served as the agent and broker for both Swift and the Lows.

The defendants filed motions for summary judgment, which the trial court granted. The Lows filed a timely appeal, which was docketed in this Court as Case No. A22A0151. The Lows and the Kings Bay defendants (but not defendant Swift) subsequently signed a settlement agreement, under which the Lows agreed not to pursue appellate relief from the grant of summary judgment to the Kings Bay defendants. The Lows did not, however, withdraw their then-pending appeal.[1]

In January 2022, after the Lows signed the settlement agreement and while their appeal from the summary judgment order was pending, the Lows filed a motion

[1] On June 3, 2022, we remanded the case back to the trial court for clarification and possible amendment of the record. In our order, we directed that after the trial court issued an order certifying the record as complete, the Lows would have 30 days to refile their notice of appeal. The remittitur was entered on June 22, 2022, and the trial court entered an order certifying the record as complete on July 18, 2022. The Lows filed a notice of appeal on August 22, 2022, which was more than 30 days after the trial court entered its order certifying the record. Accordingly, we dismissed the appeal as untimely. See Case No. A23A0278, Order of September 26, 2022.

to set aside the summary judgment under OCGA § 9-11-60 (d) (2), arguing that the defendants engaged in fraud to obtain the judgment. The Kings Bay defendants then filed a motion to enforce the parties' settlement agreement, strike the Lows' motion to set aside, and for attorney fees under OCGA § 9-15-14. On June 1, 2022, the trial court entered an amended order granting the motion to enforce the settlement agreement and denying and striking the motion to set aside. On June 2, 2022, the trial court entered a separate order granting the Kings Bay defendants' request for OCGA § 9-15-14 attorney fees in relation to the Lows' breach of the settlement agreement. The Lows filed notices of appeal from the June 1 and June 2 orders, which have been docketed as the instant appeals.

The Lows were required to follow the discretionary appeal procedures to bring their appeal from the trial court's order of June 1.[2] In their brief for this appeal, the Lows plainly assert that "this is a single-issue appeal — was fraud committed by Appellees in receiving summary judgment." This is the same argument the Lows raised in their motion to set aside. Crucially, although the trial court's order addressed

---

[2] See OCGA § 5-6-35 (a) (8) (discretionary appeal procedures apply to orders denying a motion to set aside brought under OCGA § 9-11-60 (d)).

3

both the settlement agreement and the motion to set aside, the Lows do not raise any challenge to the trial court's rulings on the settlement agreement in their appeal.

Where, as here, an appeal is taken from a trial court order that contains rulings on multiple issues, the proper appellate procedure is determined by the issue raised in the appeal.[3] While a judgment enforcing a settlement agreement has been described as procedurally analogous to an order granting summary judgment,[4] an order denying a motion to set aside is subject to the discretionary appeal procedures.[5] Applying the "issue-raised-on appeal" rule, because the Lows are challenging only the denial of their motion to set aside, they were required to follow the discretionary appeal procedures to bring this appeal.[6] Their failure to do so deprives us of jurisdiction over the appeal.[7]

---

[3] See *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (holding that it is the issue raised on appeal that determines the proper appellate procedure even if the order or judgment being challenged contains rulings that would be subject to direct appeal).

[4] See *Francis v. Chavis*, 345 Ga. App. 641, 641-642 (814 SE2d 778) (2018).

[5] See OCGA § 5-6-35 (a) (8).

[6] See *Voyles*, 301 Ga. at 47.

[7] See *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002).

The Lows were also required to follow the discretionary appeal procedures to obtain review of the trial court's June 2 order awarding attorney fees under OCGA § 9-15-14.[8] Again, the Lows' failure to comply with the discretionary appeal procedure deprives us of jurisdiction over the appeal.[9]

For the foregoing reasons, both appeals are hereby dismissed.[10]

*Appeals dismissed. Barnes, P. J., and Land, J., concur.*

---

[8] OCGA § 5-6-35 (a) (10).

[9] See *Capricorn Systems*, 253 Ga. App. at 841-842.

[10] We previously denied the appellees' motions to dismiss these appeals, noting that judgments enforcing settlement agreements are directly appealable. But those rulings did not account for the issues raised in the Lows' briefs. For the reasons discussed in this opinion, based on the issues the Lows raised in their briefs, they were required to follow the discretionary appeal procedures to bring these appeals.

5