# Court of Appeals
# of the State of Georgia

ATLANTA,  August 29, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0096. IN RE: ESTATE OF WENDY MCMILLION.**

Regan McMillion filed in Henry County Probate Court a petition for year's support, which Charmaine Salandy objected to. After dismissing Salandy's objection based on her failure to appear at a bench trial, the probate court issued an amended final order for years's support on April 25, 2023. On June 5, 2023, Salandy filed a motion to set aside this order, arguing that (1) she had valid reasons for not appearing at the bench trial, (2) her objection was not withdrawn or disallowed, (3) the petition for year's support requested relief far in excess of a year's support, and (4) Regan McMillion was not entitled to a year's support. The probate court denied the motion to set aside and awarded Regan McMillion attorney fees pursuant to OCGA § 9-15-14. Salandy then filed this direct appeal. We lack jurisdiction.

Salandy's motion to set aside was, in substance, a motion to set aside under OCGA § 9-11-60 (d). See OCGA § 9-11-60 (d) (2) (a motion to set aside may be based upon fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant) & (3) (a motion to set aside may be based upon a nonamendable defect which appears upon the face of the record or pleadings); *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature). An appeal from an order denying a motion to set aside under OCGA § 9-11-60 (d) must be taken by application for discretionary review. OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). In addition, appeals of attorney fees awards under OCGA § 9-15-14 must be taken by application for discretionary review. OCGA § 5-6-35 (a) (10); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730)

(2002).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Thus, Salandy's failure to follow the discretionary appeals procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,  08/29/2023    *

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*