# Court of Appeals
# of the State of Georgia

ATLANTA,  April 10, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1176. KEITH OWEN et al. v. ROBERT C. GARRETT et al.**

In this civil action, plaintiffs Keith and Christine Owen filed this direct appeal from the trial court's January 15, 2024 order awarding OCGA § 9-15-14 (b) attorney fees to defendants Robert and Joanna Garrett. The Garretts have filed a motion to dismiss the appeal for failure to comply with the discretionary appeal requirements.

An appeal from a trial court order awarding OCGA § 9-15-14 attorney fees must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (10), (b); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Consequently — and pretermitting whether this appeal also is subject to the interlocutory appeal requirements[1] — the Owens' failure to follow the discretionary review procedure deprives us of jurisdiction over this direct appeal. See *Capricorn Systems*, 253 Ga. App. at 842. Consequently, the Garretts' motion to dismiss is GRANTED, and this appeal is hereby DISMISSED for lack of jurisdiction.

In their March 22, 2024 response to the Garretts' motion to dismiss, the Owens seek an extension of time to file "an amended notice of appeal to proceed under a discretionary appeal instead of a direct appeal." The Owens appear to misunderstand the distinction between a notice of appeal, which is filed in the trial court to initiate a direct appeal to an appellate court, and an application for discretionary review, which

---

[1] Although the Owens purported to voluntarily dismiss their claims in this action, it appears that claims by plaintiff Respite Retreat, Inc. may remain pending against the defendants.

is filed in the appellate court to request permission to appeal. Compare OCGA § 5-6-35 (d) (an application for discretionary review is filed in the appropriate appellate court), with OCGA § 5-6-37 (a notice of appeal must be filed "with the clerk of the court wherein the case was determined"). The jurisdictional defect here is not that the Owens filed a flawed notice of appeal in the trial court, but that they failed to file a discretionary application in this Court. Thus, to the extent that they now seek to file an amended notice of appeal in the trial court, the filing of such a document would not cure the jurisdictional defect. And to the extent that they wish to file an application for discretionary review in this Court, they have missed the deadline for doing so. See OCGA § 5-6-35 (d) (an application for discretionary review must be filed within 30 days of entry of the judgment or court order sought to be appealed). They likewise have missed the deadline for seeking an extension of time to file a discretionary application. See Court of Appeals Rules 16 (c) (a request for an extension of time to file a discretionary application "must be made prior to the expiration of the period for filing as originally prescribed"); 31 (i) ("No extensions of time will be granted to file a discretionary application unless a motion for extension is filed on or before the application due date."). Accordingly, the Owens' request for an extension of time is DENIED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,___04/10/2024_____

     I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

     Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.