# Court of Appeals
# of the State of Georgia

ATLANTA,  January 03, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0596. SHADAHA ANDERSON v. LARRENTIS THOMAS.**

In August 2023, plaintiff Shadaha Anderson filed a petition to modify child custody and child support. Defendant Larrentis Thomas filed a motion for summary judgment and a separate motion in which, inter alia, he asked to be awarded OCGA § 9-15-14 attorney fees. On July 2, 2024, the trial court issued an order granting Thomas's motion for summary judgment and giving him 30 days to file a supplemental brief as to his fee request, after which Thomas filed a brief again requesting attorney fees under OCGA § 9-15-14. The trial court thereafter awarded Thomas $8,700 in OCGA § 9-15-14 attorney fees. On September 23, 2024, Anderson filed a notice of appeal, seeking to appeal the July 2 summary judgment order and the subsequent fee award. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). We lack jurisdiction to review the July 2 summary judgment order because Anderson untimely filed her notice of appeal 83 days after entry of that order.

The trial court's attorney fee award does not change that result. A trial court order that reserves ruling on a request for attorney fees generally is not final and appealable. See *CitiFinancial Svcs. v. Holland*, 310 Ga. App. 480, 480-481 (713 SE2d 678) (2011). But an otherwise final order that reserves ruling on a request for OCGA § 9-15-14 attorney fees is final and appealable, and the pendency of such a request does

not toll the time to file an appeal from such an order. See *Hill v. Buttram*, 255 Ga. App. 123, 123-124 (564 SE2d 531) (2002). Here, the July 2 order granting summary judgment to Thomas on Anderson's request to modify custody was directly appealable under OCGA §§ 5-6-35 (a) (11) and 9-11-56 (h). And Thomas's pending request for OCGA § 9-15-14 attorney fees — on which the trial court essentially reserved ruling in its July 2 order — neither rendered the order non-final nor tolled the time to appeal that order. See *Hill*, 255 Ga. App. at 123-124.

Finally, an appeal from a trial court order awarding OCGA § 9-15-14 attorney fees must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (10), (b); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Consequently, Anderson's failure to follow the discretionary review procedure deprives us of jurisdiction over her appeal from the OCGA § 9-15-14 attorney fee award. See *Capricorn Systems*, 253 Ga. App. at 842.

For the above reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,__01/03/2025_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*