# Court of Appeals
# of the State of Georgia

ATLANTA, March 10, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0473. DEVIN SHEPARD v. REBECCA E. CAPES.**

Devin Shepard sued Rebecca E. Capes for claims related to Capes' role as the guardian ad litem ("GAL") for Shepard's minor child. Capes moved for summary judgment, which the trial court granted in a June 24, 2024 order, which it amended on July 10, 2024. Capes later filed a motion for attorney fees under OCGA § 9-15-14, and on September 19, 2024, the trial court awarded attorney fees to Capes under OCGA § 9-15-14 (a). Shepard filed a notice of appeal on September 20, and then an amended notice of appeal on October 1. Capes has filed a motion to dismiss. We lack jurisdiction.

An appeal from a trial court order awarding OCGA § 9-15-14 attorney fees must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (10), (b); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Consequently, Shepard's failure to follow the discretionary review procedure deprives us of jurisdiction over his appeal from the OCGA § 9-15-14 attorney fee award. See *Capricorn Systems*, 253 Ga. App. at 842.

We find no merit in Shepard's argument that we have jurisdiction here simply because we have jurisdiction over his separate appeal from an OCGA § 9-15-14 attorney fee award to a different defendant in a related case. Our jurisdiction over his appeal from the attorney fee award in that case is based on Shepard's pending appeal from the underlying judgment in that case in favor of that defendant. See *Shepard v.*

*Butler*, Case No. A25A0244 (docketed Aug. 22, 2024); *Capricorn Systems*, 253 Ga. App. at 842 ("[T]his Court will review an OCGA § 9-15-14 award on direct appeal when such review is part of a direct appeal taken from the underlying judgment."). Here, by contrast, Shepard did not appeal the underlying judgment in favor of Capes, and the time to do so has long since expired. See OCGA § 5-6-38 (a) (notice of appeal must be filed within 30 days of entry of the judgment or order sought to be appealed). The fact that the two cases are related does not change this result.

For the above reasons, Capes' motion to dismiss is GRANTED and this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  03/10/2025

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.