# Court of Appeals
# of the State of Georgia

ATLANTA,  July 29, 2025

*The Court of Appeals hereby passes the following order:*

### A25D0493.  KIMBERLY HELTON et al. v. RONALD WHELAN, TRUSTEE OF THE LINDA WHELAN COOPER TRUST.

On June 3, 2025, the trial court entered an order granting the motion for sanctions filed by Ronald Whelan, Trustee of the Linda Whelan Cooper Trust, and the other plaintiffs (collectively, "Whelan") and imposing OCGA § 9-15-14 attorney fees against defendants Kimberly Helton and Chris Helton and their counsel. The Heltons filed a notice of appeal on June 18, 2025, and filed this discretionary application on July 10, 2025. Whelan has filed a motion to dismiss.

An appeal from a trial court order awarding OCGA § 9-15-14 attorney fees must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (10), (b); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002). And a discretionary application must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Here, the Heltons filed their discretionary application 37 days after entry of the trial court's order, making it untimely. Moreover, to the extent that the Heltons request that we construe their notice of appeal as a timely application for discretionary review, we are unable to do so. Although "there is no magic in nomenclature," *Doe v. State*, 347 Ga. App. 246, 250 (1) (819 SE2d 58) (2018) (punctuation omitted), we cannot construe a notice of

appeal, which must be filed in the trial court, as an application for discretionary appeal, which must be filed in this Court and seek this Court's permission to appeal. See OCGA §§ 5-6-35 (b), (d); 5-6-37; see also *DePass v. Bd. of Review*, 172 Ga. App. 561, 561 (324 SE2d 505) (1984) (holding that when an application for discretionary review is required an "attempted direct appeal fails to comply with the requirements of OCGA § 5-6-35").

For these reasons, we lack jurisdiction to consider this application. Accordingly, Whelan's motion to dismiss is hereby GRANTED and this application is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/29/2025

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] In his motion to dismiss, Whelan also requests that this Court sanction the Heltons for filing a frivolous appeal pursuant to Court of Appeals Rule 7 (e) (3). However, under this Court's rules, "[a]ll motions and responses to motions shall be filed as separate documents, and not as joint, compound, or alternative motions." Court of Appeals Rule 41 (b). Accordingly, Whelan's request for sanctions is hereby DENIED.