# Court of Appeals
# of the State of Georgia

ATLANTA,  February 05, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1017. ELEONOR AREHART v. JOSEPH AREHART.

Eleonor and Joseph Arehart were divorced in 2013, and Joseph was awarded primary custody of their three minor children. In 2024, Eleonor filed a petition to modify custody. At a hearing on the petition, Eleonor indicated that she wished to terminate her parental rights to the children. On October 2, 2025, the trial court entered a "Final Order of Modification" terminating Eleonor's parental rights. On November 18, Eleonor filed a motion to set aside and vacate the modification order, claiming that she had acted under duress and citing newly discovered evidence.[1] She also filed a motion to recuse the trial court judge. Joseph opposed these motions and filed a purported counterclaim seeking reimbursement for attorney fees incurred in defending the motions. The trial court denied Eleonor's motions, but did not address Joseph's counterclaim. On December 16, Eleonor filed a notice of appeal to this Court. We, however, lack jurisdiction.

"OCGA § 5-6-35 provides that a party must file an application in order to seek an appeal regarding the termination of parental rights. OCGA § 5-6-35(a)(12) and (b)." *In the Interest of B. R. F.*, 299 Ga. 294, 296 (788 SE2d 416) (2016). "It is well settled that the underlying subject matter of an appeal generally controls in determining the proper appellate procedure." *Ledford v. Mobley*, 321 Ga. App. 761, 762 (743 SE2d 461) (2013). The underlying subject matter of this appeal is the termination

---

[1] That evidence was the death by suicide of the parties' oldest child on November 14.

of Eleonor's parental rights. "Compliance with the discretionary appeals procedure is jurisdictional." *Booker v. Ga. Dept. of Human Resources*, 317 Ga. App. 426, 427 (731 SE2d 110) (2012) (punctuation omitted).

Even if we construed this as a child custody case, rather than a termination of parental rights case, we would still lack jurisdiction. Child custody rulings generally are directly appealable under OCGA § 5-6-34(a)(11). However, Eleonor did not file a timely notice of appeal from the modification order; instead, she filed a motion to vacate the order, citing duress and newly discovered evidence. In substance, this was a motion for reconsideration, the filing of which does not extend the time to file an appeal, and the denial of which is not appealable in its own right.[2] See *Bell v. Cohran*, 244 Ga. App. 510, 510–11 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Consequently, the trial court's order denying Eleonor's motion for reconsideration — in which the court made no new substantive custody rulings — is not appealable, and her December 16 notice of appeal — filed 75 days after the modification order — is untimely as to that order. See OCGA § 5-6-38(a); *Bell*, 244 Ga. App. at 510–11; *Savage*, 173 Ga. App. at 271.

Further, it appears that the case remains pending below, as the record contains no disposition of Joseph's counterclaim. Under these circumstances, Eleonor was required to follow the additional procedures for interlocutory review, including obtaining a certificate of immediate review from the trial court, in order to appeal. See OCGA § 5-6-34(b); *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Her failure to do so deprives us of jurisdiction over this appeal.

---

[2] To the extent that Eleonor's motion to vacate can be construed as one to set aside under OCGA § 9-11-60(d), an application for discretionary review is required to appeal the denial of such a motion. See OCGA § 5-6-35(a)(8), (b); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __02/05/2026_____

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*